R. D. HOUSTON V. STATE

No. 28,635. January 30, 1957

*Charles E. Tobin*, Dallas, for appellant.

*Henry Wade*, District Attorney, *George P. Blackburn, Joe M. Joiner* and *J. Alton York*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is procuring; the punishment, six months in jail and a fine of $200.00.

Officer Brumley, of the Special Service Bureau of the Dallas police, testified that he presented himself at the Pennell Courts on the night in question and asked the appellant, who was the porter and who seemed to be in charge of the establishment, if he could get him a woman. The appellant went to the telephone and began to call numbers and finally called him to the telephone so that he could talk to a girl who he had on the wire. The girl on the telephone wanted to know how much Brumley was willing to spend and said that she would be on out. Fol-

lowing this, Brumley rented a cabin and waited. After the passage of about an hour, the appellant came to Brumley's cabin and told him that it did not appear that the girl was going to come and that he thought he could get another one. Brumley stated that after this conversation he watched out of the window and saw the appellant talking to a woman and then point out Brumley's cabin to her. The woman arrived at the cabin, said that she was the one the porter had sent, and they discussed the price of intercourse. The woman and the appellant were arrested.

The appellant, testifying in his own behalf, stated that Brumley had indicated his desire to have an act of intercourse, that he at first declined to do anything in the premises, but finally, at appellant's insistence, called several numbers which were conveniently penciled on a calendar near the telephone. One girl stated that she could not get out until later in the night, another one could not be aroused, and finally the telephone rang and a girl asked to speak to the porter and said she wanted to give him her new number. The appellant told her that they had "been trying to get somebody all night" and put Brumley on the wire. Sometime later the appellant went to Brumley's cabin and told him that it didn't "look like your party is going to show." Still later, the appellant met the woman who was later arrested near the office, and she asked him if there was anybody out there that night who was drinking or wanted to spend some money and he told her that Brumley was the only likely prospect.

The appellant stated that he did not know either of the women and had quit "soliciting" about four years ago.

The jury resolved what conflict there was in the evidence against the appellant, and we find the evidence sufficient to sustain the conviction.

The sole question presented for review is the admissibility of Brumley's testimony as to his conversation with the first woman over the telephone.

The appellant was present when the conversation took place and, according to his own testimony, participated therein. Appellant's testimony removed any question as to the admissibility of the telephone conversation, and the cases cited by appellant are therefore not controlling.

The judgment is affirmed.