James Willis **RODGERS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43931.

Court of Criminal Appeals of Texas.

June 29, 1971.

Glenn Hausenfluck, Fort Worth, Court
appointed on appeal only, for appellant.

Frank Coffey, Dist. Atty., Roger W. Crampton and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for murder with malice. The jury assessed the punishment at 99 years.

The sufficiency of the evidence is not challenged. Several eyewitnesses testified that on September 1, 1968, appellant shot the deceased with a gun in a Fort Worth pool hall. He then fled the scene of the killing.

Appellant's three grounds of error complain of his arrest on April 7, 1969, in the city of Los Angeles, California, in that the "court erred in admitting into evidence testimony concerning the money and pistol which was obtained as a result of an illegal arrest and detention of the appellant."

Officer Harry Smith of the Los Angeles Police Department testified that on the date in question while patroling with his partner in Los Angeles they "saw a vehicle going down the street that had white lights showing to the rear and that it had no rear license plates and no rear license plate illumination." The vehicle had California license plates. He further testified that this constituted violation of the California law and that he stopped said vehicle for such violation. Appellant objected to this line of testimony and a hearing was held outside the presence of the jury in which Officer Smith testified that he asked appellant for his driver's license and vehicle registration, which is required to be kept inside the vehicle according to California law. The appellant produced a temporary driver's license that had been issued within a week of this time but could not produce a vehicle registration. Officer Smith testified he looked inside the car and saw money in large bills scattered all over the floor boards of the car and that the money was in plain sight from the outside of the vehicle. He placed the appellant under arrest for investigation of auto theft and at that time searched the appellant for weapons and found $1300 in cash in appellant's pockets. In the search of both the appellant and the vehicle, he found a total of over $1600. He searched the automobile at the time of the arrest because he was arresting appellant and impounding the vehicle. When he impounded the vehicle it was necessary to search it for valuable property which he must list upon a property report to protect whatever property might be in it. Further, he was looking for the registration certificate which people in California usually carry in their trunk.

After this hearing conducted outside the presence of the jury, the trial court made an independent determination that the arrest was legal and based on probable cause.

Counsel for appellant made a detailed objection at this time to the testimony of the search and testimony regarding the money and the pistol which said objection was overruled by the trial court. The same testimony was then given before the jury and the pistol recovered during the search was admitted into evidence over objection of the appellant.

■ In view of the fact there was no showing of the law of California in regard to the right of arrest without a warrant it must be assumed that the law of California is the same as that of Texas and under Section 153 of Article 6701d, Vernon's Ann. Civ.St., there was sufficient evidence for a Texas officer to arrest without a warrant for a violation of said statute.

■ The other circumstances surrounding the arrest are bases for reasonable cause to think that the automobile was stolen and therefore were grounds for arresting the appellant without a warrant to prevent the consequences of theft. Article 18.22 Vernon's Ann.Code of Criminal Procedure; Taylor v. State, Tex.Cr.App.,

**440** ■

421 S.W.2d 403, cert. denied, 393 U.S. 916, 89 S.Ct. 241, 21 L.Ed.2d 201.

■ Further, in light of the overwhelming direct evidence as to the guilt of the appellant, any error as to the arrest was harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S. Ct. 1726, 23 L.Ed.2d 284.

The appellant's ground of error number two complains that the search without a warrant of the appellant and the automobile was an illegal search.

■ The arrest of the appellant being a lawful one, the search of appellant's person was valid being incident to lawful arrest. 51 Tex.Jur.2d 680, Sec. 31. The search of the car in view of the fact that money was lying in the seat and on the floor board, coupled with the fact that the appellant had no vehicle registration certificate as required by California law made the search of the vehicle valid on probable cause to prevent the consequences of theft. Taylor v. State, supra.

Ground of error number two is overruled.

■ Appellant's ground of error number three is that the trial court erred in admitting over objection, testimony pertaining to the money and pistol found in the car for the reason that such testimony was immaterial, irrelevant, and prejudicial to the appellant and calculated to inflame the minds of the jurors. The evidence in chief shows that after shooting the deceased herein, the appellant fled the scene of the crime. Where the accused flees the scene of the crime, a weapon in his possession at the time of his arrest is admissible under the general doctrine of flight and it makes no difference whether the weapon is the same as used in the crime for which a defendant is arrested. Churchill v. State, 167 Tex.Cr.R. 26, 317 S.W.2d 541; Thames v. State, Tex.Cr.App., 453 S.W.2d 495; Martinez v. State, 140 Tex.

Cr.R. 159, 140 S.W.2d 187. And the money found at the time of appellant's arrest would be admissible under the same rule. This rule has been held to be applicable even in cases where the possession of a pistol was not illegal. Wilson v. State, Tex.Cr.App., 436 S.W.2d 542. And further, the rule has been held to apply whether or not the arrest of the defendant was for the offense for which he was being tried. Thames v. State, supra.

Appellant assumes there is no showing of flight, even though the evidence shows that the appellant fled the scene of the offense and was discovered at large in California some seven months later with a pistol and a large amount of money in his possession.

There being no reversible error, the judgment is affirmed.