Earnest O'Neal WOODS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44805.

Court of Criminal Appeals of Texas.

April 12, 1972.

Leonard & Van Meter, by John Van Meter, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., William A. Knapp, John Garrett Hill and Ann Delugach, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Robert A.

Huttash, Asst. State's Atty., Austin, for the State.

### OPINION

MORRISON, Judge.

The offense is sale of heroin; the punishment, fifty (50) years.

The sufficiency of the evidence is not challenged.

The record reflects that Department of Public Safety Officer Bill Clifton, acting as an undercover agent, called a phone number given to him by a man he knew only as "O'Neal" and agreed to buy some heroin from him. Following the telephone conversation, Officer Clifton testified, he drove to the address given to him by "O'Neal" over the phone and that he there met "O'Neal" who sold him two capsules, later identified as heroin. The appellant did not testify and offered no evidence in his own behalf.

Appellant's sole ground of error is that the court erred in permitting Officer Clifton to testify concerning the telephone conversation. He claims that although telephone conversations may be admissible under certain circumstances, Clifton did not testify that he recognized the voice of the person with whom he conversed and that, therefore, the conversation was inadmissible since no proper predicate had been laid.

We have concluded that since the person known to Clifton only as "O'Neal" gave him the phone number, and since the person who answered the phone identified himself as "O'Neal," the trial court did not err in permitting Clifton to testify concerning the conversation.

In Churchill v. State, 167 Tex.Cr.R. 26, 317 S.W.2d 541, the appellant also challenged the admissibility of a telephone conversation between himself and a police officer. In Churchill, supra, appellant called the police, identified himself by name, reported a shooting and then met officers at the scene of the homicide after instructing them to do so. In that case we held that the fact that the officer was not familiar with the appellant's voice went more to the weight rather than the admissibility of the telephone conversation.

It should be noted that this prosecution is not predicated upon the telephone conversation but rather upon the testimony of the officer that he purchased the heroin from the appellant, whom he identified at the trial as the one who sold him the capsules.

The judgment is affirmed.