James Leroy **HICKS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48157.

Court of Criminal Appeals of Texas.

April 24, 1974.

Richard H. Kelsey, Curtis M. Loveless, Denton, for appellant.

John Lawhon, Dist. Atty. and Michael W. George, Asst. Dist. Atty., Denton, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant, in a trial by jury, was convicted of rape. Punishment was assessed by the jury at life imprisonment.

Appellant presents nine grounds of error on appeal. The sufficiency of the evidence is not challenged and, therefore, only a brief recitation of the facts will be necessary.

The evidence reflects that on November 16, 1971, the complaining witness was in Denton seeking employment. After completing a phone call in front of the General Telephone office the complaining witness was approached by the appellant. The appellant prevented the complaining witness from closing her car door and stated, "Move over I have a gun." Appellant proceeded to take the complaining witness to a farm road outside of town where the rape occurred. The appellant then abandoned the complaining witness and left with her automobile. Appellant was arrested the same afternoon in Denison while driving

the automobile of the complaining witness. A pistol was also recovered from appellant at the arrest scene.

■ In his first ground of error the appellant complains the trial court improperly spoke to the husband of one of the jurors in violation of Art. 40.03, Vernon's Ann.C. C.P.

The incident arose when the juror's husband called the trial court to determine if his wife had to report for jury duty in view of the inclement weather conditions. The trial judge told the juror's husband the defendant and his attorney would not agree to a partial jury.

In the instant case there was no direct conversation between the juror and the trial court. In the conversation with the juror's husband no facts of the case were discussed. There is nothing in the record which reflects that appellant was harmed by the judge's remark.

Appellant's first ground of error is overruled.

In his second ground of error, appellant contends the trial court erred in admitting into evidence the pistol recovered from appellant at the time of his arrest. It is appellant's contention that there was no testimony linking said pistol to the crime in question.

The evidence indicates that while the offense was being committed the pistol was either covered by a paper sack or holstered a major portion of the time. The complaining witness could not. describe the weapon on direct examination.

■ As a general rule an object offered in evidence should not be rejected because it is not positively identified as the exact object that was connected with the crime. Pryor v. State, 449 S.W.2d 482 (Tex.Cr.App., 1969). The fact a pistol was used in the crime and that appellant was arrested within hours of the crime in possession of a pistol makes the evidence of obvious probative value. Any conflict in the testimony or question of identity concerning the evidence is to be resolved by the jury and does not affect its admissibility. Haywood v. State, 507 S.W.2d 756, (Tex.Cr.App.1974); Pryor, *supra*. The court did not abuse its discretion in admitting the pistol into evidence. Furthermore, when the accused flees the scene of a crime, a weapon in his possession at the time of his arrest is admissible under the general doctrine of flight and it makes no difference whether the weapon is the same as used in the crime for which a defendant is arrested. Rodgers v. State, 468 S.W.2d 438 (Tex.Cr.App.1971); Churchill v. State, 167 Tex.Cr.R. 26, 317 S.W.2d 541 (1958); Wilson v. State, 436 S.W.2d 542 (Tex.Cr. App.1968).

Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends the trial court abused its discretion in failing to grant his motion for continuance. Counsel for appellant was appointed on December 13, 1971 and the voir dire began on January 3, 1972, with the trial beginning on January 4. Appellant contends that due to the interruption of the holiday season the length of time is insufficient to prepare an adequate defense.

Article 26.04, V.A.C.C.P., states: " . . . the appointed counsel is entitled to ten days to prepare for trial . . . ." After that time has expired a motion for continuance is addressed to the discretion of the trial court. Coleman v. State, 481 S.W.2d 872 (Tex.Cr.App.1972); Thomas v. State, 451 S.W.2d 907 (Tex.Cr.App.1970). We do not find the court's discretion to have been abused.

Appellant's third ground of error is overruled.

In his fourth ground of error, appellant contends the trial court erred in failing to give appellant a pretrial hearing.

It was the practice of the district courts of Denton County for the past several years to have pretrial motions on the Friday, ten days prior to Monday settings. This notice was reflected on the docket sheets. The question of waiver is in dispute since appellant's counsel was appointed after the docket settings had been mailed out. Appellant's counsel admitted that he had notice after his appointment of the trial setting. Prior to the case going to trial, the court heard and ruled on appellant's motion for continuance, and motion to quash the indictment. However, Article 28.01, V.A.C.C.P., authorizing the court to set any criminal case for a pretrial hearing before it is set for trial upon the merits is not mandatory upon the court but is directed to the court's discretion. Bell v. State, 442 S.W.2d 716 (Tex.Cr. App.1969). The appellant has failed to show any abuse of discretion on the part of the trial court in failing to allow a pretrial hearing.

Appellant's ground of error is overruled.

In his fifth ground of error, appellant claims the trial court erred in failing to quash the indictment for charging more than one offense.

Appellant was indicted in separate counts for rape and robbery. The State, prior to trial, elected to go on the first count of rape.

Although Article 21.24, V.A.C.C.P., provides that the indictment may not charge more than one offense, it does not prohibit alleging several ways in which an offense was committed or charging more than one offense based upon the same incident or transaction. Martinez v. State, 498 S.W. 2d 938 (Tex.Cr.App.1973); Breeden v. State, 438 S.W.2d 105 (Tex.Cr.App.1969).

Appellant's fifth ground of error is overruled.

Grounds of error six, seven, eight, and nine were raised by the appellant himself in a letter to his counsel on appeal to be included in the brief now before the Court.

The grounds of error are not briefed and no argument is presented. Appellant fails to specify what the errors are, if any, or to specifically refer to the portion of the record wherein the alleged errors occurred. These grounds have been considered and present no error.

Appellant's grounds of error six, seven, eight, and nine are overruled.

The judgment is affirmed.

Opinion approved by the Court.