**Gary Dean RENO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0105–CR.**

Court of Appeals of Texas,
Tyler.

Feb. 24, 1983.

J.R. Musslewhite, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

COLLEY, Justice.

Appellant was convicted by a jury of aggravated rape, and the jury assessed punishment at life.

Appellant argues four grounds of error in his brief.

In grounds numbers 1 and 2 appellant claims reversible error was committed by the trial court: (1) in admitting evidence of pursuit by police vehicles of the vehicle which appellant was driving immediately prior to his arrest for the offense of which he was convicted herein; and (2) in admitting evidence of the wounding (shooting) of a pursuing police officer subsequent to the commission of the offense. The thrust of appellant's argument under these grounds seems to be that the "chase" or pursuit by the officers of the appellant on the occasion was ". . . too remote in [sic] both time and distance from the scene. . . ." and that no distinguishing characteristics of the chase and shooting and the rape are shown as to render evidence of such extraneous offenses admissible as to the identity of the appellant. Appellant relies on *Carpenter v. State,* 596 S.W.2d 115 (Tex.Cr.App.1980); *Pirkle v. State,* 592 S.W.2d 642 (Tex.Cr.App. 1980) (unpublished opinion); *Cameron v. State,* 530 S.W.2d 841 (Tex.Cr.App.1975); and *Ford v. State,* 484 S.W.2d 727 (Tex.Cr. App.1972).

The State's reply to the argument of appellant is that the appellant was in flight from the location in Houston where he and another white male, acting together, brutally raped and then shot and abandoned the prosecutrix, and therefore evidence showing police pursuit and capture of appellant, as well as all of the circumstances surrounding the same, were admissible. We agree.

The facts reflected by the record pertinent to our disposition of the first two grounds are these:

The prosecutrix, a sixteen-year-old hispanic female, was seized by appellant and another adult male at about 11:00 p.m. on the night of October 9, 1979, near her place of residence. She was raped and sexually abused by both assailants and finally shot with a 12-gauge shotgun in the left knee before she was abandoned nude and bleeding at a location on South Gessner Street in Houston, Texas. She was found by an off-duty police officer and immediately transported to Twelve Oaks Hospital by ambulance. Between 1:10 a.m. and 1:30 a.m. of the next day, October 10, 1979, police officers, who presumably had received radio calls to be on the lookout for a silver/gray Honda Civic automobile, spotted the appellant driving a similar vehicle and began pursuit when the appellant accelerated his vehicle after he observed the police cars. The police vehicle nearest to appellant attempted to curb appellant's vehicle, at which time a shot was fired from the appellant's automobile wounding the police offi-

cer, Mathew Stanich, in the back. Stanich then abandoned the pursuit and police officers, T.S. Lindabury and his partner, B.L. Brooks, took up the chase which terminated when appellant wrecked his vehicle in a yard near the intersection of Plumb and Wakeforest Streets in Houston. Appellant ran from his wrecked vehicle but was captured by Officer Brooks in a flower bed in a yard of a home near the crash scene. A pistol was found in the flower bed, barrel down in the dirt. The officers had seen a shotgun being thrown from the vehicle at the time of its crash and recovered it in a yard near the crash scene.

Appellant was positively identified by the prosecutrix as one of the two men who abducted, raped and shot her. One of her shoes was found outside the wrecked Honda car and the other was found in the trunk of the Honda car following a search of the vehicle by the written consent of the appellant. All of her clothing had been removed by the appellant and the other male during the course of their assaultive conduct against her. The appellant testified at the punishment phase of the trial, admitting he recalled his acts on the night of the rape.

Under this record, appellant's guilt is established beyond all doubt. The record also clearly demonstrates that he and his confederate were in full flight from the authorities when the police pursuit of his vehicle was initiated by Officer Stanich.

The authorities cited by appellant, i.e., *Carpenter, Ford* and *Cameron* are not in point. None of those cases involved facts showing flight of an accused or any attempt by an accused to escape arrest and capture by police officers. *Pirkle* cited by appellant has no precedential value since the opinion therein was not published. Rule 308, Rules of Post Trial and Appellate Procedure in Criminal Cases.

■ Flight by an accused is a circumstance from which guilt may be inferred. It tends to show guilty conscience, and evidence of flight is always admissible, as well as all other circumstances showing pursuit and efforts to capture. *Thames v. State,* 453 S.W.2d 495 (Tex.Cr.App.1970); *Cawley*

*v. State,* 166 Tex.Cr.R. 37, 310 S.W.2d 340 (Tex.Cr.App.1957). Evidence showing flight may include a showing that the fugitive was armed. *Churchill v. State,* 167 Tex.Cr.R. 26, 317 S.W.2d 541 (Tex.Cr.App. 1958). It is also clear that the fact that extraneous offenses are shown which are closely related to and committed by the fugitive during the course of the flight does not render such evidence inadmissible; that is, evidence of flight and of the extraneous offenses. *Thames v. State, supra.*

■ Time lapse between the date of the commission of the offense and the flight does not affect the admissibility of the evidence of flight. *Martinez v. State,* 140 Tex. Cr.R. 159, 140 S.W.2d 187 (Tex.Crim.App. 1940); *Thames v. State, supra.*

■ Parenthetically, we note that the record shows that appellant's objections to the police pursuit were not timely made, perhaps with the exception that timely objection was made by appellant regarding the shooting of the officer Stanich during the course of the flight. But in all events, we find that the trial court properly admitted the testimony of Officers Stanich, Lindabury and Brooks relating to the police pursuit of the appellant in flight; the wounding of Stanich and the ultimate capture and arrest of the appellant and the weapons in his possession during his flight, and all facts as hereinabove summarized in this opinion that are shown by the record in this case. We are of the opinion that the trial court did not abuse his discretion in admitting such facts into evidence. *Arivette v. State,* 513 S.W.2d 857 (Tex.Cr.App. 1974). Appellant's grounds 1 and 2 are overruled.

Appellant, in grounds 3 and 4, complains that the trial court improperly permitted Bernadette Fiala and her husband, Donald Fiala, to testify at the punishment phase that appellant's reputation for being a peaceful and lawabiding citizen was bad. Because of the general nature of the ground, resort was necessarily had to the statements and arguments set forth in appellant's brief under this ground so that the

court could understand and discuss the grounds.

Apparently, appellant contends that the witness Bernadette Fiala had not discussed the defendant's bad reputation with persons in appellant's "community" and that the witness Donald Fiala gave a personal (therefore inadmissible) opinion rather than an opinion based on hearsay. To support his contentions appellant cites "*Watson v. State,* No. 58,062" without giving further reference as to where such case is reported. So we do not consider that case. Appellant does cite, however, *Mitchell v. State,* 524 S.W.2d 510 (Tex.Cr.App.1975), in support of his grounds three and four.

Both Fiala and his wife, Bernadette Fiala, when before the jury gave only brief and routine testimony relating to appellant's reputation, i.e., each knew him, and his reputation for being a peaceful and law-abiding citizen, and that his said reputation was bad. Neither witness was cross-examined by the appellant, and that is all the jury heard from these witnesses. However, on voir dire examination of these witnesses outside the presence and hearing of the jury and on appellant's cross-examination, the witness Bernadette Fiala testified that she was raped by the appellant on September 16, 1979, in Galveston, Texas; that she did not know the defendant before September 16, 1979; and that she had discussed her rape with police officers in Galveston and that she likewise had discussed appellant's reputation with both Houston and Galveston police officers and with other persons in Houston, Texas, who were not police officials. Bernadette further testified on voir dire that she based her opinion on "... what I heard and what happened to me." The record shows that at the punishment phase of trial the State produced two other character witnesses, Claudia Robertson and Diana Rich, who testified that appellant's reputation for being a peaceful and law-abiding citizen was bad. Appellant timely objected to the rendition of these opinions on the grounds that Robertson had not heard appellant's bad reputation discussed *before* the night of the rape of the prosecu-

trix, and that Rich was not shown to be competent to render her opinion because, "... there is no background on which she may base an opinion." Both objections were overruled by the trial court, and we think rightly so. No complaint thereof is made.

It is clear that discussions of the reputation of an accused may take place before or after the date of the offense for which he is on trial. *Twine v. State,* 475 S.W.2d 774 (Tex.Cr.App.1972); see also *Frison v. State,* 473 S.W.2d 479 (Tex.Cr.App.1971).

■ In fact, appellant made no objection to Bernadette Fiala's testimony during his voir dire examination of said witness. When her testimony was offered by the State before the jury, the appellant objected in the following language, "If it please the court, we would again renew our objection that was made out of the presence of the jury." The court overruled such objection. Since appellant had made no objection "out of the presence" of the jury, no objection was lodged against the opinion testimony of Bernadette Fiala. Nothing is presented for review, although the trial judge overruled a phantom objection. *Henderson v. State,* 617 S.W.2d 697 (Tex.Cr. App.1981).

■ Appellant's objection to the opinion testimony of Rich is not specific but only general and did not apprise the trial judge of what his specific objection or complaint was about the proffered testimony. *Henderson v. State, supra.* Thus the overruling of the objection did not constitute error. Notwithstanding this, however, we have carefully examined the voir dire testimony of Rich given outside the presence and hearing of the jury and have concluded that a proper predicate had been laid for the admission of her testimony and that it, in fact, was based on hearsay, a discussion of the appellant's reputation. Thus the trial court's ruling was not error. *Sanchez v. State,* 398 S.W.2d 117 (Tex.Cr.App.1966); *Mitchell v. State, supra.* Hence the opinion testimony of each of the witnesses, Bernadette Fiala, Claudia Robertson and Diana

Rich was properly before the jury. The opinion testimony of Donald Fiala above summarized was, in our opinion, from a thorough examination of the record, founded on discussions by the witness with Houston residents and Harris County peace officers, as well as Galveston County peace officers. No showing is made in this record that any of the four character witnesses, the two Fialas, Rich and Robertson, based their opinion solely on the offense for which the defendant was on trial. Thus their testimony was clearly admissible. *Stephens v. State,* 128 Tex.Cr.R. 311, 80 S.W.2d 980 (Tex.Cr.App.1935); *Mitchell v. State, supra.*

But even if we are in error in our conclusion that Donald Fiala's testimony was not inadmissible for lack of a proper predicate, we further conclude that such error, if any, in admitting the same before the jury was harmless beyond a reasonable doubt. *Mitchell v. State, supra.* His testimony was cumulative and virtually identical to the opinion testimony of the other three character witnesses who testified for the State at the punishment phase. Also there was introduced into evidence by the stipulation of the State and the appellant at the punishment phase of the trial a final judgment of conviction of appellant for the offense of indecency with a child. And, in addition, the evidence in this case shows a most brutal sexual assault, continuous in nature, upon the prosecutrix by the appellant. Appellant's fourth ground of error is overruled.

Finding no reversible error, the judgment of the trial court is affirmed.