Margarito ARREDONDO,
Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–167–cr.

Court of Appeals of Texas,
Corpus Christi.

March 28, 1985.

Rehearing Denied May 2, 1985.

Charles Manning, Beeville, for appellant.

C.F. Moore, Dist. Atty's. Office, Beeville, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

SEERDEN, Justice.

Appellant, Margarito Arredondo, Jr., was convicted by a Bee County jury of burglary of a habitation. He was then sentenced by the trial court to a term of fifteen years and one day in the Texas Department of Corrections. Appellant now appeals to this Court on six grounds of error.

In his first ground of error, appellant complains of the admission into evidence of his oral and written statements. He contends such statements are inadmissible because they were obtained as a result of his illegal arrest.

A hearing was held by the trial court on appellant's motion to suppress his statements. The only witness at such hearing was Joe Salinas, a police officer with the Beeville Police Department. He stated that he began his investigation of the offense which is the subject of this case on January 3, 1984. When appellant's name arose as a possible suspect, Salinas informed appellant's family that he would like to talk to him. Appellant voluntarily came to the Beeville Police Department, sometime between the 3rd and 6th of January, denied his involvement in this case and

left. Thereafter, upon Salinas recovering a portable radio which had been taken in this burglary, and having been told that it was traded by appellant for a rifle, appellant was again sent word, through his family, to come talk to Officer Salinas. On January 27, 1984, at approximately 2:00 p.m., appellant came to the Beeville Police Station to talk to the officer. There was no warrant for his arrest and Salinas did not tell appellant that he was in custody. Salinas told appellant that he wanted to talk about this burglary and advised him of his *Miranda* rights. After being advised of the recovery of the portable radio, appellant orally told Salinas that he had taken the radio as well as other items. He denied that he had broken into the residence, but admitted that once inside he stole the radio as well as the other items.

Officer Salinas then received permission from appellant to prepare a written statement for his signature, Salinas obtained a "statement form," and read the warnings from the form. When he read the portion stating "You are being held in custody on the accusation that you committed the offense of burglary of a habitation," Salinas told appellant he was not under arrest or in custody and that he could walk out any time he wanted to. Salinas testified that the taking of the written statement began at 2:25 p.m. on the afternoon of January 27th. Salinas questioned appellant and typed the statement as they talked. It took approximately one hour to conclude the taking of the statement. Salinas testified appellant read the statement, made corrections and signed it.

After the statement was completed, appellant left the police station and was told by Officer Salinas that he would get back in touch later. Salinas further testified that appellant had come to the police station voluntarily and that he was free to leave at any time.

Appellant points out that the printed language of the statement contains the language "after telling me I was being held in custody on an accusation that I committed the above offense," and does not contain

the disclaimer which Officer Salinas stated he orally gave appellant.

■ We cannot agree with appellant's contention that he was under arrest or "in custody" at the time the statement was given. Appellant voluntarily went to the police station and the testimony showed that he would have been permitted to leave at any time, and, in fact, did leave the police station when the interview was finished. There was no evidence of any intimidation, force, or threats made either at the time of, or prior to the questioning and taking of the statement. On the contrary, there was ample evidence that appellant was not under arrest, went to the police station voluntarily in response to a request which had been conveyed to members of his family and was free to leave at any time. We hold that appellant was not illegally detained and that the trial court did not commit error in overruling appellant's motion to suppress the statements of appellant. The first ground of error is overruled.

In his second ground of error, appellant complains of the trial court's action in failing to charge the jury in the guilt stage of the trial that they should not consider appellant's confession if they believed or had a reasonable doubt that such confession or other evidence was obtained in violation of the Constitution or laws of the State of Texas or of the United States.

Art. 38.23, TEX.CODE CRIM.PROC. ANN. (Vernon 1979), provides that no evidence obtained by an officer or others in violation of the Constitutions or laws of the United States or the State of Texas shall be admissible and that where the evidence raises an issue thereunder, an appropriate jury instruction shall be given.

■ We hold that no fact issue was raised in this case that the statement of appellant was improperly obtained. *Murphy v. State*, 640 S.W.2d 297 (Tex.Crim. App.1982). Therefore, there was no error in failing to grant the requested jury in-struction. The second ground of error is overruled.

In grounds of error three and four, appellant complains that he was erroneously denied the right to have the jury assess his punishment and, in the alternative, was denied effective assistance of counsel when his attorney failed to perfect his right to have his punishment assessed by the jury.

No election in writing was made or filed to have the jury assess punishment in this case until after the jury had made its determination of appellant's guilt. The verdict of guilty was returned on the afternoon of April 5, 1984. On the morning of April 4, 1984, appellant's attorney filed a motion to have the jury assess punishment. Such motion alleges that appellant had intended throughout the trial to have the jury assess punishment but had inadvertently failed to file an election to that effect prior to entering his plea in open court, as required by Article 37.07(2)(b), TEX.CODE CRIM. PROC.ANN. (Vernon 1981). Appellant's attorney testified in support of such motion that the failure to file the election was through his inadvertence. Counsel for the State refused to consent to the election to have the jury assess punishment and the judge overruled appellant's request.

■ The right of persons accused of crimes to a trial by jury as guaranteed by the United States and Texas Constitutions does not encompass the right to have the jury assess punishment. *Tinney v. State*, 578 S.W.2d 137 (Tex.Crim.App.1979). Art. 37.07(2)(b) clearly requires that in non-capital felony cases where a defendant desires his punishment to be assessed by the jury, he must file a notice of this election in writing at the time he enters his plea in open court. Absent an agreement by the State to waive this requirement, it was the duty of the trial judge to assess the punishment in this case. *Toney v. State*, 586 S.W.2d 856 (Tex.Crim.App.1979).

■ The fact that appellant's attorney inadvertently failed to make a request for the jury to assess punishment does not, in

and of itself, show that appellant was denied effective assistance of counsel. Effective assistance of counsel does not mean errorless counsel. *Ex parte Bratchett*, 513 S.W.2d 851 (Tex.Crim.App.1974). Furthermore, in considering the totality of appellant's counsel's representation, we find that he filed appropriate pretrial motions, sought favorable rulings for appellant, exhibited a thorough knowledge of the facts and law surrounding the case, and actively sought to protect the rights and advocate the cause of appellant. Under these facts, appellant was not denied effective representation. *Ferguson v. State*, 639 S.W.2d 307 (Tex.Crim.App.1982). Appellant's grounds of error three and four are overruled.

Appellant further contends that the trial court committed reversible error in allowing the prosecutor to ask leading questions of Antonio Perez, a key witness. The witness was apparently reluctant to answer certain questions. Appellant's counsel objected. The trial court has broad discretion in permitting leading questions. Unless a defendant can show that he was unduly prejudiced by virtue of such questions, no reversal of his conviction will result. *Hernandez v. State*, 643 S.W.2d 397 (Tex.Crim.App.1982), *cert. denied*, 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983). In view of witness' reluctance to answer, we cannot say that the trial court abused its discretion. Appellant's fifth ground of error is overruled.

Finally, appellant contends that the trial court erred in refusing to charge the jury that the confession of the appellant, standing alone, is not sufficient to authorize a conviction. Since other evidence established the *corpus delicti* of the crime, such an instruction was not necessary. *Aranda v. State*, 506 S.W.2d 221 (Tex.Crim. App.1974). Appellant's sixth ground of error is overruled.

The judgment of the trial court is AFFIRMED.