**Earl D. PONDER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 3–85–144–CR.**

Court of Appeals of Texas,
Austin.

June 25, 1986.

---

Leon J. Grizzard, Austin, for appellant.

Ken Anderson, Dist. Atty., Georgetown, for appellee.

Before POWERS, BRADY and CARROLL, JJ.

PER CURIAM.

Appellant was convicted of aggravated sexual assault. Tex.Pen.Code Ann. § 22.-021(a)(4) (Supp.1986). Punishment, enhanced by a prior felony conviction in Oklahoma, was assessed by the jury at life imprisonment. Tex.Pen.Code Ann. § 12.-42(c) (Supp.1986). We will affirm the judgment of conviction.

At approximately 7:30 a.m., Sunday, February 17, 1985, Travis County Deputy Sheriff J.W., a female, was assisting the Austin Police Department in the investigation of an abandoned, one-vehicle accident on Interstate Highway 35 in north Austin. Acting on a tip from a bystander, J.W. left the scene of the accident in her patrol car and drove south on IH 35 in search of the driver of the abandoned vehicle. She quickly spotted appellant walking beside IH 35 about one-half mile from the accident site. Appellant was carrying a suitcase and a garment bag and was trying to hitchhike. J.W. stopped her patrol car near appellant, radioed in her position and a description of appellant, left the patrol car, approached appellant, and asked him for identification. After appellant told her he had none, J.W. attempted to initiate a patdown search of him. Before she could begin, however, appellant produced a .25 caliber automatic pistol, disarmed her, forced her back into the patrol car, and ordered her to drive him from the area.

J.W. and appellant drove from Austin and to a rural area of Williamson County, finally stopping at an abandoned bridge near the intersection of State Highway 95 and F.M. 1660. Appellant then forced J.W. under the bridge, where he robbed her of $24.00 and, over the next two to three hours, sexually assaulted her—orally, anally, and vaginally—at gunpoint. At the end of the ordeal, appellant handcuffed J.W. to a support beam under the bridge, gagged her with a piece of cloth cut from a red t-shirt, and fled the scene.

When J.W. failed to report in after she stopped to question appellant on IH 35, a massive air and land search for her and her presumed abductor was begun by central-Texas law enforcement authorities. Shortly after 11:00 a.m., a Department of Public Safety trooper spotted appellant walking beside Highway 95 near the intersection with F.M. 1660. The trooper stopped and questioned appellant, who identified himself as "James Whittiney." After a routine name check failed to turn up anything, the trooper released appellant.

At 11:25 a.m., Williamson County Deputy Sheriff Jim Stinnett stopped and subsequently arrested appellant as he walked in a northerly direction on Highway 95 about 200 yards north of the intersection with F.M. 1660. At approximately 3:00 p.m., J.W. was found and rescued by a helicopter search team. A subsequent examination of her patrol car by the Austin Police Department revealed appellant's fingerprints on the trunk and the inside rearview mirror. At trial, J.W. identified appellant as her assailant.

In grounds of error one and two, appellant contends the indictment violated Tex.Code Cr.P.Ann. art. 21.24 (Supp.1986) because it alleged two separate offenses (aggravated sexual assault and aggravated robbery), and that the trial court therefore erred in overruling his motions to quash the indictment and to compel the State to elect one of the two counts on which to proceed to trial. Appellant argues further that, even though the jury returned a single verdict of guilty, as instructed by the trial court, he was nonetheless prejudiced because "the jury knew that appellant was charged with two life-sentence offenses, rather than one."

It was long the rule in Texas that the State could allege in separate counts of a single indictment as many offenses arising from a single criminal transaction as it thought necessary in order to meet possible variations in the proof, provided that the accused could be convicted and punished for but one offense. *See Ex parte Easley,* 490 S.W.2d 570 (Tex.Cr.App.1972); *Van-*

*nerson v. State,* 408 S.W.2d 228 (Tex.Cr. App.1966). But in *Drake v. State,* 686 S.W.2d 935 (Tex.Cr.App.1985), the Court of Criminal Appeals, interpreting for the first time art. 21.24 as amended effective January 1, 1974, held it is now improper to allege in a single indictment two or more non-property offenses, even if the offenses arise out of the same criminal transaction. Thus, the trial court erred in overruling appellant's motions.

■ Although we find error, we do not find prejudice to appellant's substantial rights as a result of the error. *Adams v. State,* 707 S.W.2d 900 (Tex.Cr.App.1986). The sexual assault and robbery of J.W. were closely interwoven, and evidence as to one was admissible as "res gestae" of the other. *Maynard v. State,* 685 S.W.2d 60, 67 (Tex.Cr.App.1985); *Archer v. State,* 607 S.W.2d 539, 542 (Tex.Cr.App.1980). Further, the trial resulted in a single conviction. *Ex parte Siller,* 686 S.W.2d 617 (Tex. Cr.App.1985). Grounds of error one and two are overruled.

In his fourth ground of error, appellant argues the trial court erred in overruling his pretrial motion to suppress several items of evidence found during a warrantless, post-arrest, inventory search of appellant's person, suitcase, and garment bag.[1] Appellant argues the search was unlawful because it was subsequent to an unlawful "stop and frisk."

At a pretrial suppression hearing, Deputy Stinnett testified regarding the circumstances surrounding appellant's arrest. Stinnett related that on the morning of the offense, he participated in the search for the complaining witness, J.W. At 11:25 a.m., while he was on patrol, he observed appellant walking near the intersection of Highway 95 and F.M. 1660 in Williamson County. He noticed appellant matched *two* descriptions of suspects he received over his radio that morning, the first being the description radioed in by J.W. shortly before her disappearance, the second being

the description of one Earl D. Ponder, date of birth November 18, 1964, a recently escaped felon from an Oklahoma prison. Consequently, he stopped his patrol car near appellant, who immediately started toward the car "in a fast walk, almost a run," with his left hand covered, protesting repeatedly that the highway patrol had already checked him out and released him. Alarmed by appellant's actions, Stinnett drew his service revolver and ordered appellant to assume the standard pat-down position, i.e. hands on the patrol car and feet widely spread. The pat-down search produced a large springblade knife and a loaded .25 caliber automatic pistol. After the pat-down, appellant stated his name was "James Whittiney" and gave his date of birth as November 18, 1964. Stinnett immediately realized the birthdate matched that of escaped Oklahoma felon Earl D. Ponder, so he placed appellant under arrest for unlawfully carrying a weapon. *See* Tex.Pen.Code Ann. §§ 46.05, 46.06 (1974 and Supp.1986).

■ When a police officer has an articulable, reasonable suspicion that someone may be involved in criminal activity, he may stop that person for investigation even though he does not have probable cause to arrest him. *United States v. Cortez,* 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *Ramirez v. State,* 672 S.W.2d 480, 481–482 (Tex.Cr.App.1984); *Johnson v. State,* 658 S.W.2d 623, 626 (Tex.Cr.App. 1983). If the police officer reasonably believes the person may be armed and dangerous, the officer may conduct a protective frisk of the person. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Ramirez v. State, supra* at 482. In determining the legality of the stop and frisk, a reviewing court must take into account the totality of the circumstances facing the police officer at the time. *U.S. v. Cortez, supra,* 449 U.S. at 418–419, 101 S.Ct. at 695; *Herrera v. State,* 665 S.W.2d 497, 505 (Tex.App.1983, pet ref.).

---

1. The items included loaded .25 and .357 caliber pistols and ammunition for both, a red t-shirt from which a piece of cloth had been cut, $47.00 in cash, two knives, and a small amount of marihuana.

■ Stinnett's testimony was sufficient for the trial court to conclude the "stop and frisk" of appellant was lawful. Appellant's physical appearance, which matched the two descriptions broadcast over the radio, and his odd behavior on the morning in question, together with the circumstances of a missing, presumably *disarmed* deputy sheriff, were sufficient justification for the stop and subsequent frisk. Appellant's fourth ground of error is overruled.

In his third ground of error, appellant argues the trial court committed reversible error in admitting evidence of the loaded .357 caliber pistol found in his suitcase during the post-arrest inventory search. Appellant's theory is that the weapon had no relevance to any issue in the case and was admitted solely to prejudice the jury against him. The State, citing *Rodgers v. State*, 468 S.W.2d 438 (Tex.Cr.App.1971), argues the pistol was admissible as a circumstance surrounding appellant's arrest following flight.

Although the jury could reasonably conclude that the .357 caliber pistol was in appellant's suitcase at the time he committed the offenses charged, it is undisputed that appellant did not actually use that particular pistol in the commission of the offenses. The question is, then, whether the trial court clearly abused its discretion in determining that the probative value of the evidence outweighed the danger of unfair prejudice. *Williams v. State*, 535 S.W.2d 637, 639–640 (Tex.Cr.App.1976).

■ As a general rule, the State is entitled to show the circumstances surrounding the arrest of the accused, unless such evidence is inherently prejudicial and has no relevance to any issue in the case. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex. Cr.App.1985). In *Cunningham v. State*, 500 S.W.2d 820 (Tex.Cr.App.1973), the defendant was convicted of robbery by assault, based on testimony by the victims that he and his companions had robbed them at pistol-point. A sawed-off shotgun found in the trunk of the car in which appellant and his companions fled the robbery, and in which they were travelling at the time of their arrest within hours of the offenses, was admitted in evidence. On appeal, the Court of Criminal Appeals held the trial court erred in admitting the shotgun in evidence because it was not shown to have been used during the robbery and was not relevant to any issue in the case, but further held the error to be harmless. In *Ross v. State*, 169 Tex.Cr.R. 313, 334 S.W.2d 174 (1960), the defendant was convicted for driving while intoxicated. The trial court allowed testimony that a .38 caliber handgun was found by arresting officers inside the car. On appeal, the Court of Criminal Appeals held that "the jury was entitled to know that the defendant on trial had control of a pistol as well as a motor vehicle while he was intoxicated. Proof of the circumstances surrounding the commission of an offense which form a part of the occurrence are admissible." 334 S.W.2d at 175. In *Williams v. State, supra*, the defendant was convicted of possession of marihuana. Evidence that a loaded pistol and other items were found *in the defendant's suitcase soon after the arrest* was admitted. The Court of Criminal Appeals held that "[t]he articles in question were found in appellant's possession at the time of the commission of the offense and of the arrest. They were circumstances surrounding the offense and the arrest, and were relevant ... to guilt.... No clear abuse of the trial court's discretion is shown." 535 S.W.2d at 640. Both *Ross* and *Williams* were recently cited with approval in *Maddox v. State, supra*. Given the holdings in these two cases, we are unable to say that the trial court abused its discretion in admitting the .357 caliber pistol in evidence.

■ In addition, the theory cited by the State appears sufficient to support admission of the pistol. The Court of Criminal Appeals has held repeatedly that when the accused flees the scene of a crime, a weapon in his possession at the time of arrest is admissible under the general doctrine which permits a full showing as to flight, even if the weapon is not the same as used in the crime for which the accused is on

trial.[2] *Hicks v. State*, 508 S.W.2d 400, 402 (Tex.Cr.App.1974); *Rodgers v. State, supra* at 440; *Wilson v. State*, 436 S.W.2d 542, 544 (Tex.Cr.App.1968); *Churchill v. State*, 317 S.W.2d 541, 542 (Tex.Cr.App. 1958). In order to show flight, the State must prove that the accused was "moving out or running" from the scene of the crime. *Thompson v. State*, 652 S.W.2d 770, 772 (Tex.Cr.App.1981); *Jones v. State*, 481 S.W.2d 900, 902 (Tex.Cr.App.1972).

As related above, the evidence shows that appellant fled the scene of a one-vehicle accident in north Austin. He subsequently kidnapped a deputy sheriff and, after using her patrol car to flee into a rural part of Williamson County, sexually assaulted her. He then fled the scene of the assault the only way he safely could, on foot. And before his arrest, he twice gave a false identification to law-enforcement officers. In our opinion, the evidence is sufficient to show that appellant was "moving out or running." *Cf. Hart v. State*, 682 S.W.2d 346 (Tex.App.1984, pet. ref.) (defendant's walking away from check-cashing center without check or cash is evidence of flight). Moreover, given the rule stated in *Hicks, Rodgers*, etc., *supra*, we do not deem it significant that appellant did not actually *use* the .357 caliber pistol in the commission of the offenses charged. It was sufficient that the pistol was in his *possession* at the time of the flight and arrest.

 Even if the .357 caliber pistol was improperly admitted, the error was harmless beyond a reasonable doubt. The evidence of appellant's guilt is overwhelming, and we are persuaded there is no reasonable possibility that the admission of the second pistol, if error, contributed to the conviction. *Bordelon v. State*, 683 S.W.2d 9, 13 (Tex.Cr.App.1985). We are similarly persuaded the .357 caliber pistol did not materially contribute to the punishment assessed. *Clemons v. State*, 605 S.W.2d 567, 571 (Tex.Cr.App.1980). The offense com-

mitted by appellant was a particularly shocking one, all the more so since it involved a law-enforcement officer. Moreover, the jury was already aware the charged offense involved the use of a .25 caliber automatic pistol. Finally, the State proved at the punishment phase that appellant had been previously convicted in Oklahoma of aggravated robbery, and also presented three witnesses who testified to appellant's bad reputation with respect to obedience to the law. Appellant's third ground of error is overruled.

The judgment of conviction is affirmed.

---

2. The theory behind this rule is, apparently, that weapons possessed by a fugitive at the time of capture show he was evading arrest and was prepared to resist arrest, thus showing a consciousness of guilt.