**Willie GOFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–86–052–CR.**

Court of Appeals of Texas,
Texarkana.

Feb. 10, 1987.

Rehearing Denied March 10, 1987.

Clifton Holmes, Steve Kattner, Longview, for appellant.

Steve Gamble, Asst. Dist. Atty., Longview, for appellee.

CORNELIUS, Chief Justice.

Willie Goff was convicted of manufacturing more than 400 grams of methamphetamine. Punishment was assessed at ninety-nine years confinement.

In his first point of error, Goff contends that the trial court committed reversible error in failing to act on his motion to quash the indictment.

At Goff's arraignment on December 13, 1985, the trial court ordered all pretrial motions to be filed within ten days. Goff filed several motions on December 26, 1985, three days after the expiration of the ten-day period, and others on January 28 and April 3 of 1986. On April 11, 1986, an informal pretrial hearing was held at which Goff's motion to examine certain evidence was granted. Goff did not file his motion to quash the indictment until the day of jury selection, April 14, 1986. The trial judge ruled that the motion was not timely filed and refused to consider it.

■ Tex.Code Crim.Proc.Ann. art. 28.01, § 2 (Vernon Supp.1987) provides that where a pretrial hearing is set, any motion or matter not raised within five days of the hearing may not thereafter be raised except on a showing of good cause. There was no formal setting of the pretrial hearing in this case, but Goff's counsel partici-

pated in the hearing, and he neither filed his motion to quash within the court's time limit or at the pretrial hearing, nor has he shown good cause for filing it thereafter. Under the circumstances no error is demonstrated.

■ The indictment contained two counts, one for possessing and one for manufacturing more than 400 grams of methamphetamine. Goff argues that the trial court should have required the State to elect which of the counts it would pursue. This point is well taken, *Drake v. State,* 686 S.W.2d 935 (Tex.Crim.App.1985); Tex.Code Crim.Proc.Ann. art. 21.24 (Vernon Supp.1987), but no harm has resulted because only the single conviction for manufacturing methamphetamine resulted. *Ex parte Siller,* 686 S.W.2d 617 (Tex.Crim. App.1985); *Ponder v. State,* 713 S.W.2d 178 (Tex.App.–Austin 1986, no pet.).

In his remaining points of error, Goff contends the evidence was insufficient to support a finding that he manufactured the controlled substance, and particularly that he manufactured the amount alleged, i.e. over 400 grams.

■ After receiving a tip from a confidential informant and securing a search warrant, fourteen police officers, sheriffs deputies and narcotics officers went to Goff's mobile home in Gregg County. Goff, his wife and another female were in the mobile home. Some ten yards from the rear entrance of the mobile home was a large padlocked building and several other outbuildings. Goff was unable to produce a key to the building at first, but he removed the lock by using a screwdriver. When the officers entered the building they found a large assortment of equipment and chemicals which they described as a drug laboratory. A strong, distinct odor of methamphetamine production was present. Inside Goff's mobile home the officers found a chemical catalog, a blue folder containing information about the manufacture of methamphetamine, several chemical beakers, and a set of keys which fit the padlock on the building containing the laboratory. There was testimony that all of the laboratory equipment, glassware and

chemicals were such as were used in the manufacture of methamphetamine. Chemicals which were found included 4.9 pounds of material in a sun tea container consisting of 15.2 grams of methamphetamine, and the remainder ether and acetone. There were also 5.5 pounds of methylamine, 68.7 grams of phenylacetone, a five-gallon can of ether, and a five-gallon can of acetone. We find this circumstantial evidence sufficient to support a finding that Goff manufactured methamphetamine.

We also find sufficient evidence to support a finding that Goff manufactured more than 400 grams of methamphetamine.

■ Although there was no direct evidence that 400 grams of methamphetamine had been manufactured, the *amount* manufactured, as well as the *fact* of manufacture, may be established by circumstantial evidence. Moreover, the form of the drug recovered is not determinative of whether the offense has been committed. The Controlled Substances Act, Tex.Rev.Civ.Stat. Ann. art. 4476–15, § 1.02(21) (Vernon Supp. 1987), provides that manufacturing is "the production, *preparation,* ... compounding, ... or processing of a controlled substance ..." (emphasis added). Thus, it is not necessary to prove the existence of a specific amount of the finished product if there is sufficient circumstantial evidence that such an amount has been manufactured or is being prepared for manufacture. To "prepare," when used with respect to a criminal offense, means devising or arranging the means or measures necessary for the commission of the offense. *Black's Law Dictionary* 1063 (5th ed. 1979). Preparing to manufacture an amount of methamphetamine must necessarily include the assembling and processing of the constituent elements which produce the methamphetamine.

■ Here, there was testimony that methylamine and phenylacetone mixed together through chemical synthesis produce methamphetamine. There was undisputed evidence that the drug lab contained 5.5 pounds of methylamine (approximately 2,490 grams), 68.7 grams of phenylacetone, 4.9 pounds of material of which 15.2 grams

was finished methamphetamine and the remainder ether and acetone, and two five-gallon cans of ether and acetone. There was testimony that ether and acetone are used to remove the impurities from manufactured methamphetamine.

With these quantities of materials and ingredients, there is ample circumstantial evidence to support a jury finding that Goff was preparing more than 400 grams of methamphetamine. *See McGlothlin v. State,* 705 S.W.2d 851 (Tex.App.—Fort Worth 1986, no pet.); *Fronatt v. State,* 630 S.W.2d 703 (Tex.App.—Houston [1st Dist.] 1981, pet. ref'd); *see also, Lush v. State,* 168 Ga.App. 740, 310 S.E.2d 287 (1983); *People v. Cruz,* 129 Ill.App.3d 278, 84 Ill. Dec. 425, 472 N.E.2d 175 (1984); *State v. Brown,* 310 N.C. 563, 313 S.E.2d 585 (1984).

For the reasons stated, the judgment of the trial court is affirmed.