Earl D. **PONDER**, Appellant

v.

The **STATE** of Texas, Appellee.

No. 823–86.

Court of Criminal Appeals of Texas, En Banc.

Jan. 27, 1988.

Leon J. Grizzard, Austin, for appellant.

Ken Anderson, Dist. Atty., Georgetown, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of aggravated sexual assault. V.T.C.A. Penal Code, § 22.021(a)(4). The jury found true the enhancement allegations and assessed punishment at life imprisonment. Appellant's conviction was affirmed by the Austin Court of Appeals. *Ponder v. State*, 713 S.W.2d 178 (Tex.App.—Austin 1986). We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in holding that the trial court did not commit reversible error in overruling appellant's motion to quash the indictment and motion to compel the State to elect the count upon which it would proceed. We will affirm.

The indictment in the instant case alleged two offenses: aggravated sexual assault and aggravated robbery. The facts of the offense were well developed in the Court of Appeals' decision, *Ponder*, supra, 713 S.W. 2d at 180. We need only reiterate that the robbery and sexual assault took place within three hours of each other during a single criminal transaction.

Although the trial court overruled appellant's motion to quash and motion to force the State to elect, the jury was charged that it could consider the second count alleging aggravated robbery only if it found appellant not guilty of the first count which alleged aggravated sexual assault. The jury was also instructed that it could find appellant guilty of only one count. The jury returned a finding of guilty on the first count so appellant was convicted of aggravated sexual assault.

Before the Court of Appeals, appellant argued that:

"even though the jury returned a single verdict of guilty, as instructed by the trial court, he was nonetheless prejudiced because 'the jury knew that appellant was charged with two life-sentence offenses, rather than one.'"

*Ponder*, supra at 180.

The Court of Appeals overruled appellant's contentions. That Court found that according to *Drake v. State*, 686 S.W.2d 935 (Tex.Cr.App.1985), the State did not have the authority to join two non-property offenses in a single indictment even though the offenses arose out of the same criminal transaction. Thus, the trial court erred by overruling appellant's motion to quash the indictment. See also *Ex Parte Siller*, 686 S.W.2d 617 (Tex.Cr.App.1985). The Austin Court of Appeals further held, however, that the error was harmless under *Adams v. State*, 707 S.W.2d 900 (Tex.Cr.App.1986) since the sexual assault and the robbery were closely interwoven and "evidence as to one was admissible as 'res gestae' of the other," and since only one conviction was obtained. *Ponder*, supra at 181, citing *Maynard v. State*, 685 S.W.2d 60, 67 (Tex. Cr.App.1985).

In his petition for discretionary review, appellant contends that the Austin Court of Appeals was incorrect in finding that no reversible error arose when the trial court overruled his motion to quash the indictment and his motion to force the State to elect. He states that *Adams*, supra, is inapplicable to this case since that decision concerned a notice defect in the indictment and not misjoinder. He argues that given the language of Art. 21.24, V.A.C.C.P., no showing of harm is necessary to merit reversal when a trial court erroneously overrules a motion to quash for misjoinder. Last, appellant contends that even if a showing of harm is necessary, he was harmed in the instant case because the sole purpose of the joinder was to inform the jury that appellant's conduct would warrant two life sentences if the law allowed it.

■ With regard to the need to show harm, we addressed a similar issue in *Sifford v. State*, 741 S.W.2d 440 (Tex.Cr.App. delivered November 25, 1987, motion for

rehearing overruled December 16, 1987). In that case, we held that a violation of Art. 21.24, supra, did not necessarily constitute reversible error; rather, once error was shown to have occurred, a harm analysis was appropriate. The misjoinder error in that case was rendered harmless when the State was forced to elect the offense upon which it intended to seek conviction. Thus, under *Sifford,* id., reversible error does not arise automatically and harm must be shown.

We agree with the Court of Appeals' finding that the trial court erred by overruling appellant's motion to quash. We may therefore proceed to the harm question. Although two offenses were improperly joined in the indictment, the jury was permitted to find appellant guilty of only one. Thus, multiple convictions did not arise. See and cf. *Holcomb v. State,* 745 S.W.2d 903 (Tex.Cr.App.1988), and *Fortune v. State,* 745 S.W.2d 364 (Tex.Cr.App. 1988). Moreover, as the Court of Appeals noted, the evidence of both offenses was admissible since the offenses occurred in the same continuing course of criminal behavior, to-wit: a single criminal transaction. See *Williams v. State,* 662 S.W.2d 344 (Tex.Cr. App.1983), and *Maynard,* supra. Given these facts, we find that although the trial court erred by overruling appellant's motion to quash, reversible error did not arise.

Appellant also argues that it was reversible error for the trial court to overrule his motion to compel the State to elect upon which offense it would proceed. Generally, if the State alleges more than one offense in an indictment, election is not required if the evidence shows that the offenses were committed as part of a single criminal transaction, *Crawford v. State,* 696 S.W.2d 903 (Tex.Cr.App.1985) and *Steele v. State,* 523 S.W.2d 685 (Tex.

Cr.App.1975), and the defendant is convicted of only one offense.[1]

As stated earlier, the aggravated sexual assault and the aggravated robbery in the instant case arose out of the same criminal transaction. Thus, under the law the State was not required to elect which of these offenses would be submitted to the jury. The trial court did not err by overruling appellant's motion to compel the State to elect.

Since we have found no reversible error, we will affirm the judgments of the trial court and the Court of Appeals.

CAMPBELL, J., dissents for the reasons stated in his dissent in *Fortune v. State,* 745 S.W.2d 364 (Tex.Cr.App. 1988).

TEAGUE, J., dissents for the reasons he expressed in the dissenting opinion filed in *Sifford v. State,* 741 S.W.2d 440 (Tex.Cr.App. No. 435–86, delivered November 25, 1987, motion for rehearing overruled December 16, 1987).

---

1. Cases such as *Crosslin v. State,* 90 Tex.Cr.R. 467, 235 S.W. 905 (1921), *Smith v. State,* 64 Tex.Cr.R. 454, 142 S.W. 1173 (1912), and *Blackwell v. State,* 51 Tex.Cr.R. 24, 100 S.W. 774 (1907) may be distinguished. In those cases, the defendants were charged with separate sexual assaults committed over specified periods of

time. In such cases, if the defendant so requests, the State must choose which offense it will rely upon for conviction. Those cases did not, however, involve several offenses arising out of a single criminal transaction; therefore, the holdings in those cases are not applicable to the instant case.