Christopher Jay GRAHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–386–CR.

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 1989.

Rehearing Denied April 20, 1989.

Joe Edwin Naron, Houston, for appellant.

John D. Homes, Jr., Houston, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant guilty of burglary of a habitation. The trial court assessed punishment at ten years' imprisonment at the Texas Department of Corrections. In his sole point of error, appellant complains that the trial court erred in assessing punishment after appellant had filed an election to have the jury assess punishment.

Appellant filed a formal motion electing to have the jury assess punishment on the day of the trial. The State contends appellant was not entitled to have the jury assess punishment because appellant failed to make his election at the pre-trial hearing scheduled to consider such motions. Appellant acknowledges that a pre-trial hearing was scheduled but he asserts that it was not the type of hearing at which he was required to make his election because:

1) he was not arraigned at the pre-trial hearing; 2) he did not receive proper notice of the hearing; and 3) he did not request the pre-trial hearing.

Tex.Code Crim.Proc.Ann. art. 28.01 § 2 (Vernon Pamp.1989) provides that when a criminal case is set for a pre-trial hearing, the preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; provided that the defendant shall have sufficient notice of such hearing to allow him not less than ten days in which to raise or file such preliminary matters.

On May 23, 1988, the day the pre-trial hearing was scheduled, appellant and his attorney were present. During the docket call, the court inquired whether appellant's attorney had any motions to be heard. Appellant's attorney responded "none, whatsoever Your Honor." The court then set the case for trial. On the day of trial, appellant filed a formal motion entering a plea of not guilty and requesting a jury to assess punishment in the event of a guilty verdict. After the jury returned a guilty verdict, appellant urged that the jury be detained to consider the punishment. He contended that his election was timely and that the State had notice of his election. The trial court denied appellant's request on the basis that appellant had not complied with the law in requesting that the jury assess punishment.

■ We disagree with appellant's assertion that since he was not arraigned at the pre-trial hearing he was not required to present his election to have the jury assess punishment. The determinative issue is not whether a defendant is arraigned at the pre-trial hearing. *See Postell v. State,* 693 S.W.2d 462, 464 (Tex.Crim.App.1985). In *Postell* the defendant was not arraigned at the pre-trial hearing. *Postell,* 693 S.W.2d at 473. However, in *Postell* the court held that the trial court may require the defendant to file his election to have the jury assess punishment at the pre-trial hearing. The majority opinion did not limit its holding to cases in which a pre-trial hearing

with an arraignment occurs, although in a concurring opinion Justice Clinton urged such a limitation.

We also disagree with appellant's contention that he was not required to file his election at the pre-trial hearing because he did not receive the proper notice ordering him to appear at the pre-trial hearing. Article 28.01 provides that a defendant shall have ten days notice of the pre-trial hearing given in any of the following ways: "(1) by announcement made by the court in open court in the presence of the defendant or his attorney of record; (2) by personal service upon the defendant or his attorney of record; (3) by mail to either the defendant or his attorney of record...."

■ On April 15, 1988, the pre-trial hearing was scheduled for May 23, 1988. April 15, 1988, was the day the case had been initially set for trial, but appellant's attorney had failed to appear. We do not have a statement of facts covering the proceedings on April 15, 1988, or the docket sheets; therefore, we are unable to determine if notice was made in open court. It is appellant's duty to ensure that the record contains all materials necessary for appellate review. *See Franklin v. State,* 693 S.W.2d 420, 431 (Tex.Crim.App.) *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1985); *Soliz v. State,* 693 S.W.2d 518, 519 (Tex.App.—Corpus Christi 1985, no pet.). However, a document executed that day, signed by appellant personally and the State's attorney, entitled "Agreed Setting," shows an agreement to reset the case for a May 23, 1988 "pre-trial hearing/motions, with the motions to be filed in accordance with Art. 28.01 CCP." This document was filed on April 18, 1988. Even if notice was not made in compliance with article 28.01, no harm has been shown by appellant in that he does not claim he was unaware of the pre-trial hearing or the matters to be taken up at the hearing. Nor did he urge at the pre-trial hearing that he did not have sufficient notice of the scheduled pre-trial hearing.

Finally, appellant's claim that he was not required to file his election at the pre-trial hearing because he did not seek to have the

hearing and did not file any pre-trial motions is without merit. The decision to have a pre-trial hearing is left to the discretion of the judge. *Cantu v. State,* 546 S.W.2d 621 (Tex.Crim.App.1977). Similarly, the decision of when to file the election to have the jury assess punishment does not rest with the defendant. *Postell,* 693 S.W.2d 462.

██ If a pre-trial hearing is scheduled to consider article 28.01 matters and the election is not presented by the defendant because he declines to file any preliminary pleadings or motions, the defendant has waived the right to present the election at a later time. *See Postell,* 693 S.W.2d at 465; *Ceaser v. State,* 624 S.W.2d 669, 671 (Tex. App.—Beaumont 1981, no pet.). *See also Goff v. State,* 727 S.W.2d 603 (Tex.App.—Texarkana 1987, pet. granted) (failure to file motion to quash at scheduled pre-trial hearing); *Hendricks v. State,* 727 S.W.2d 816 (Tex.App.—Fort Worth 1987, no pet.) (failure to file motion to quash at pre-trial hearing); *Daniels v. State,* 708 S.W.2d 532, 534 (Tex.App.—Dallas 1986, no pet.) (failure to file request for statement of facts at pre-trial hearing); *Whitehead v. State,* 710 S.W.2d 645, 657[1] (Tex.App.—Beaumont 1986), *rev'd on other grounds,* 745 S.W.2d 374 (Tex.Crim.App.1988) (Waiver of right to present motion for change of venue by failing to appear at the pre-trial hearing and present the same to the trial court).

Accordingly, we hold that the trial court did not err in discharging the jury after the verdict of guilty and in assessing the punishment for appellant. Appellant's point of error is overruled.

The judgment of the trial court is AFFIRMED.

## OPINION ON MOTION FOR REHEARING

On motion for rehearing appellant complains that a document entitled "Motion to Reset" was omitted from our discussion. We did not mention the document because we considered it to be irrelevant. Appellant contends the Motion to Reset was sufficient to give the trial court notice of his intention to elect to have the jury assess punishment.

The Motion to Reset was a request to reset the trial of the case and mentioned that "defendant's counsel had made it known to the prosecutor that Defendant would enter a plea of guilty in this case and would request a jury for the assessment of punishment."

██ Appellant did not contend in his original brief that the Motion to Reset was sufficient to raise the matter of his election to have the jury assess punishment in accordance with art. 28.01. In fact, appellant has continued to assert that no art. 28.01 motions were filed. The Motion to Reset was filed more than a month before the pre-trial hearing. Appellant admits, and the record reflects, that the motion was never presented to the court and the court did not rule on it. Further, the record discloses that when the trial court inquired whether any motions were to be heard at the pre-trial hearing, the appellant's attorney did not raise the matter of the election. Appellant's contention is without merit. The motion for rehearing is overruled.

---

[1]. However, we note that it would be error to apply this analysis in a venue situation because the Court of Criminal Appeals has held that the limitations of article 28.01 cannot bar consideration of a change of venue since such a motion involves the constitutional consideration that an accused must receive a fair trial. *Faulder v. State,* 745 S.W.2d 327, 338 (Tex.Crim.App.1987); *Revia v. State,* 649 S.W.2d 625 (Tex.Crim.App. 1983). There is no constitutional right to have a jury determine the appropriate punishment. *Martin v. State,* 753 S.W.2d 384, 389 (Tex.Crim. App.1988); *Arredondo v. State,* 694 S.W.2d 378, 380 (Tex.App.—Corpus Christi 1985, pet. ref'd).