**William Edward WOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00562–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 16, 1992.

Stanley Schneider, Houston, for appellant.

John B. Holmes, J. Harvey Hudson, Patt Pattillo, Houston, for appellee.

Before OLIVER–PARROTT, COHEN and O'CONNOR, JJ.

OPINION ON REMAND FROM THE TEXAS COURT OF CRIMINAL APPEALS

O'CONNOR, Justice.

The Court of Criminal Appeals has vacated our judgment in *Wood v. State*[1] and

1. 822 S.W.2d 213 (Tex.App.—Houston [1st Dist.] 1991).

remanded the cause to us so that we might consider whether the introduction of a written statement constituted improper bolstering. *Wood v. State*, 828 S.W.2d 13 (Tex. Crim.App.1992).

William Edward Wood, appellant, appeals from a conviction for aggravated assault. The trial court assessed appellant five years and a $5,000 fine, and probated both parts of the sentence. We affirm.

In point of error one, appellant complains that the court erred in overruling the objection to the admission of Kirk's statement to the police, State's exhibit number two. Appellant objected that it contained hearsay attributed to other persons and amounts to improper bolstering of Kirk.

In our earlier opinion, we quoted the main text of Kirk's statement, so we do not repeat the statement here. *Wood*, 822 S.W.2d at 215–16. We held appellant did not identify the statements that were hearsay, and thus, did not preserve the error. *Id.* at 216. On remand, we also find the statement did not amount to improper bolstering.

Appellant, during his cross-examination of Kirk, made repeated references to the written statement Kirk had given to the police. The questions clearly suggested that Kirk's written statement did not contain the same detail as her testimony at trial.

A prior statement by a witness may be offered to rebut an express or implied charge against the witness of recent fabrication or improper influence or motive. TEX.R.CRIM.EVID. 801(e)(1)(B); *see Moody v. State*, 827 S.W.2d 875, 893 (Tex.Crim.App. 1992). We find the statement was properly introduced to rebut appellant's charge of recent fabrication.

We overrule appellant's point of error one.