Albert WHITE, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 04–06–00641–CR.

Court of Appeals of Texas, San Antonio.

Feb. 13, 2008.

Discretionary Review Dismissed March 19, 2008.

Lori O. Rodriguez, Assistant Public Defender, San Antonio, TX, for Appellant.

Enrico B. Valdez, Assistant Criminal District Attorney, San Antonio, TX, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, PHYLIS J. SPEEDLIN, Justice, STEVEN C. HILBIG, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Albert White appeals his conviction of aggravated assault asserting that the trial court erred in admitting: (1) evidence pertaining to the alleged sexual assault of the complainant; and (2) the complainant's statement to police. We affirm the trial court's judgment.

### BACKGROUND

The complainant, a prostitute, was introduced to a man at a bar by a friend. The complainant and the man negotiated terms and left the bar. As they walked along the street, the complainant told the man she had changed her mind. The man grabbed the complainant by her neck, causing her to lose consciousness. When the complainant regained consciousness, she was bloody and hurt. An officer, who found the complainant at a pay phone, called EMS. Pictures of the complainant were introduced into evidence depicting her injuries which required her to remain hospitalized for six days. The injuries included an injury to her eye which required several surgeries. The complainant later identified White as the man from the bar.

### EVIDENCE OF SEXUAL ASSAULT

Although White was initially charged with both sexual assault and aggravated assault, the sexual assault charge was dropped by the State due to a problem with the indictment. In his first point of error, White contends that the trial court erred in admitting evidence pertaining to the sexual assault at trial because the sexual assault was an extraneous offense.

To preserve error in admitting evidence, a party must make a proper objection and get a ruling on that objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex.Crim.App.2003). In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection. *Id.* An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection. *Id.* If an appellant's objection at trial does not comport with his objection on appeal, the objection presented on appeal is not preserved. *Medina v. State*, 7 S.W.3d 633, 639 (Tex.Crim.App.1999).

Officer Manuel Peralta, who discovered the complainant at the pay phone, first provided evidence that the complainant was a sexual assault victim. Officer Peralta testified that although sexual assault victims are normally transported to Methodist Transplant Hospital, the complainant was transported to University Hospital because of the trauma to her head. No objection was made to this testimony.

When Yvonne Garcia, one of the paramedics who responded to the scene, initially testified that the dispatch she received was for a rape, defense counsel's objection that the testimony pertained to an extraneous offense was overruled. Although this objection might have preserved a complaint that Garcia's testimony was erroneously admitted because it pertained to an extraneous offense, defense counsel failed to object on that basis when Garcia later testified that the complainant told her that she had been raped. Instead, defense counsel only objected on the basis of hearsay. Moreover, Garcia made reference to the complainant stating she was raped two

additional times, both on direct examination and cross-examination, without any objection.

Detective James D. Jones, the officer assigned to investigate the offense, made numerous references to the gathering of DNA and a sexual assault kit without objection. Shelly Botello, a custodian of records, also made reference to the records of the sexual assault exam performed on the complainant without objection. Finally, Mary Leblond, the sexual assault examiner, testified regarding the sexual assault exam that she performed on the complainant without objection.

Because White failed to object each time evidence of the sexual assault was offered as evidence, White has failed to preserve this point of error for our review.

### COMPLAINANT'S STATEMENT

In his second point of error, White complains that the trial court erred in admitting the complainant's statement to police into evidence because defense counsel's questioning did not imply a recent fabrication. The Texas Court of Criminal Appeals has recently clarified the law regarding the admission of evidence in response to a charge of recent fabrication. *Hammons v. State*, 239 S.W.3d 798 (Tex.Crim. App.2007).

■ Rule 801(e)(1)(B) gives substantive, non-hearsay status to prior consistent statements of a witness offered to rebut an express or implied charge against the declarant of recent fabrication. *Hammons*, 239 S.W.3d at 804. There need only be a suggestion that the witness consciously altered her testimony in order to permit the use of the earlier consistent statements. *Id.* "There is no bright line between a general challenge to memory or credibility and a suggestion of conscious fabrication, but the trial court should determine whether the cross-examiner's questions or the tenor of that questioning would reasonably imply an intent by the witness to fabricate." *Id.* The trial court must consider the totality of the cross-examination, not isolated portions or selected questions and answers. *Id.* at 807. Even if the specific words used during cross-examination could be interpreted as a benign inquiry, much of the force of cross-examination depends upon the tone and tenor of the questioning, combined with the cross-examiner's demeanor, facial expressions, pregnant pauses, and other nonverbal cues. *Id.* A reviewing court must consider the totality of the questioning, giving deference to the trial judge's assessment of tone, tenor, and demeanor, and may also consider clues from the voir dire, opening statements, and closing arguments. *Id.* at 807. A subtly implied charge of recent fabrication may become vociferously express during closing argument where the " 'sinister seed of innuendo' sowed during cross-examination [can come] to full fruition." *Id.*

■ During cross-examination, defense counsel questioned the complainant regarding discrepancies between her testimony at trial and her statement to police regarding whether the complainant approached the man or the man approached the table for the introduction by the complainant's friend. Defense counsel further questioned the complainant about her failure to mention in her statement to police that: (1) she and the man discussed going to a motel; (2) the man picked her up by the throat; (3) the man threw or tossed her to the ground; or (4) the man held her up. During closing argument, defense counsel reminded the jury of the cross-examination stating:

Now there's a chance that when the State comes before you, the prosecutor, he may bring perhaps even a statement

from [the complainant]. But I just want you to reflect as you go back into the jury room and deliberate the nature of the questioning of [the complainant] when I cross-examined her on the witness stand.

And I don't believe it was a situation where I actually offended, by in my questioning, I tried to be as polite as I could be. But whenever I asked about specific questions or responses that she made to the detective, you heard a lot of, "well, I didn't say that," or "I didn't mention it to the detective," a lot of things.

I submit to you that people oftentimes in the confusion they make mistakes. And I submit to you that [the complainant] in terms of pointing out my client as the person that assaulted her perhaps is a mistake in the state that it creates reasonable doubt.

In admitting the statement, the trial judge expressly stated that he considered the cross-examination as a challenge to the complainant's credibility. "From the totality of the questioning, giving deference to the trial judge's assessment of tone, tenor, and demeanor," and taking defense counsel's closing argument into consideration, we conclude that "a reasonable trial judge could conclude that [defense counsel was] mounting a charge of recent fabrication" during cross-examination; therefore, the trial judge did not abuse its discretion in admitting the complainant's prior consistent statement. *Id.*

■ Even if we were to assume that defense counsel's cross-examination in this case did not equate to a charge of recent fabrication, we may not reverse a defendant's conviction for non-constitutional error if, after examining the record as a whole, we have a fair assurance that the error did not have a substantial and injurious effect or influence in determining the jury's verdict. *Garcia v. State*, 126 S.W.3d 921, 927 (Tex.Crim.App.2004). In assessing the likelihood that the jury's decision was adversely affected by the error, we consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Haley v. State*, 173 S.W.3d 510, 518 (Tex. Crim.App.2005).

The evidence in this case undeniably established that the complainant had been severely assaulted at a location near the bar where she went with her friends. White's identity was initially developed after Detective Jones interviewed Marietta Tucker, the complainant's friend who introduced her to White at the bar. The complainant subsequently identified White from a photographic line-up. Although the complainant's written statement contained details that were consistent with the details she provided at trial, those details generally related to the encounter prior to her assault. In light of the evidence of the complainant's injuries, Detective Jones's testimony regarding his development of a suspect, and the complainant's identification of that suspect as White, we have a fair assurance that the admission of the complainant's written statement did not have a substantial or injurious effect or influence in determining the jury's verdict. Accordingly, White's second point of error is overruled.

CONCLUSION

The trial court's judgment is affirmed.

**CONCURRING OPINION**

Concurring opinion by: STEVEN C. HILBIG, Justice.

I disagree with the majority's conclusion that the complainant's written statement

was admissible under Rule 801(e)(1)(B), but because the record fails to reveal White's substantial rights were affected by its admission, I concur in the result reached by the majority.

## BACKGROUND

White complains in his second point of error that the written statement made by complainant to the police should not have been admitted into evidence. As related by the majority, defense counsel cross-examined the complainant in relevant part on five different issues-four assertions of fact made by the complainant on direct examination that did not appear in her earlier written statement to the police and one assertion of fact that was contradicted by her written statement:

> Q. [by Defense Counsel] Now you've had an opportunity to look at the statement that you gave back on March 18, 2003, correct?
>
> A. [by Complainant] Yes.
>
> Q. Now so I'll ask you the same questions that I asked before. You testified earlier that your friend brought this person over to your table and introduced him to you. Is that the same information that you gave to the detective?
>
> State: Objection; that's improper impeachment, Your Honor.
>
> THE COURT: Sustained.
>
> Q. [by Defense Counsel] So did your friend, in fact, bring anyone to the table and introduce him to you?
>
> A. No.

> \* \* \*

> Q. You mentioned in your direct examination that you-all were going to go to—talked about going to a place.
>
> A. Yes.
>
> Q. Did you talk about motels, a hotel, or what?

> A. Yes.
>
> Q. So you actually talked about a motel?
>
> A. Yes.
>
> Q. Now in your statement that you gave to the detective, did you ever mention in that statement to the detective that you and this person talked about going to a motel?
>
> A. No.

> \* \* \*

> Q. And I believe your testimony was that at one point you recall being held up by—being picked up by the throat?
>
> A. Yes.
>
> Q. Now in your statement that you gave to the detective back on March 18, 2003, in that statement did you recall ever telling the detective that you were picked up by a fellow? And if you need an opportunity to look at the statement, don't read from it, but if you need an opportunity to look at it to refresh your recollection, you feel free to do that.
>
> A. At that time I didn't tell him that.
>
> Q. Oh, you didn't tell him that?
>
> A. No.
>
> Q. Okay. Now in your testimony in court you testified that there came a point where you recall being—you were thrown—thrown down or pushed to either the street, asphalt, or to grass or something like that, correct?
>
> A. Yes.
>
> Q. And I believe your testimony was that you recall this person that assaulted you being on top of you?
>
> A. Yes.
>
> Q. Now if you go back to your statement that you gave back to the detective on March 18, 2003, do you recall in a statement and you telling the detectives—

A. No.

Q. —that you were tossed to the ground or anything like that?

A. No.

Q. Isn't it a fact that when you spoke to the detective, you told him that you were choked and you don't remember anything after that other than sometime later walking around?

A. Yes.

Upon conclusion of the cross-examination, the State offered into evidence the written statement made by complainant shortly after her assault "as a prior consistent statement." *See* Tex.R. Evid. 801(e)(1)(B). Defense counsel responded that the statement was hearsay. The trial judge directed defense counsel to the issue of implied recent fabrication and admissibility under Rule 801(e)(1)(B). Defense counsel argued that his actions on cross-examination did not amount to an allegation of recent fabrication, but the trial court disagreed:

> [Defense Counsel]: My deal, Judge, is when it says that an implied charge against an apparent recent fabrication, there was not implied charge by means of any recent fabrication or improper influence or motive. The only thing I asked is a simple question: Did she give a statement to a police officer at one point that's inconsistent with her trial statement today?
>
> The Court: Which would be recent fabrication.
>
> [Defense Counsel]: Well, that's not fabrication because I never implied that she made it up. The only thing my-my thing was that—
>
> The Court: You don't have to imply that she made it up. The suggestion is that she's given two statements and they are not consistent with each other, and that, whether it's direct or indirect, you have implied that she has fabricated some of that.

* * *

> [Defense Counsel]: So—And my position, my response to that, Judge, is an obvious response that what the Court is almost suggesting, is, that, she get [sic] up here, and she testifies. And I'm looking at her statement, and she's testifying to something that—she's giving a version that's different from the version that she gave the police officer. And I questioned her on that. "Well, isn't it true that you gave the police officer"— then her statement comes in.
>
> And I just don't see—they would have to show based on the rule that I was implying, well, she just—she just at the last minute, recent [sic] fabricated, she just made it up. So at any time you attack a witness on an inconsistent statement or saying that, well, this is not what you told the police, then the State has an opportunity, well, we'll just put her statement in. I just don't think that's the intent of this statute.

After redacting certain portions of the statement that did not "have anything to do with a prior consistent statement," the court allowed the statement into evidence.

### Applicable Law

The admissibility of prior statements by a witness that are consistent with his testimony is governed by Rule 613(c) of the Texas Rules of Evidence:

**(c) Prior Consistent Statements of Witnesses.** A prior statement of a witness which is consistent with the testimony of the witness is inadmissible except as provided in Rule 801(e)(1)(B).

Tex.R. Evid. 613(c). Rule 801(e)(1)(B) provides:

**(e) Statements Which Are Not Hearsay.** A statement is not hearsay if:

(1) *Prior statement by witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is:

* * *

(B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive[.]

TEX.R. EVID. 801(e)(1)(B). Taken together, these evidentiary rules make it clear that a witness's prior statement, consistent with his trial testimony, is inadmissible unless the witness's testimony has been attacked for one of three reasons—recent fabrication, the product of improper influence, or the product of improper motive. *See* TEX.R. EVID. 613(c), 801(e)(1)(B). As discussed below, I believe the nature of the attack upon the challenged evidence—recent fabrication, improper influence or improper motive—is part of what determines the scope of admissible evidence. However, the initial question is whether the trial testimony was sufficiently attacked to justify the admission of any prior statement. Here, the trial judge found White implied that portions of the complainant's testimony were the result of recent fabrication.

We review the trial court's decision to admit evidence under an abuse of discretion standard. *Prystash v. State,* 3 S.W.3d 522, 527 (Tex.Crim.App.1999), *cert. denied,* 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000). We reverse the decision to admit evidence only if it was outside the zone of reasonable disagreement. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim.App.1991) (opinion on reh'g). If the statement was admitted in violation the Texas Rules of Evidence, it would be a nonconstitutional error. *See, e.g., Solomon*

*v. State,* 49 S.W.3d 356, 365 (Tex.Crim. App.2001).

### DISCUSSION

### *Charge of Recent Fabrication*

In *Hammons v. State,* the court of criminal appeals made it clear that there is no "bright line" in determining when a charge of recent fabrication or improper motive has been sufficiently implied to trigger admission of an otherwise hearsay statement under Rule 801(e)(1)(B):

The specific words that appellant used during cross-examination might be interpreted as either a benign inquiry into [the complainant's] confusion over the dates and locations where the sexual encounters took place or as an implied charge of recent fabrication. But much of the force of cross-examination depends upon the tone and tenor of the questioning, combined with the cross-examiner's demeanor, facial expressions, pregnant pauses, and other nonverbal cues.

239 S.W.3d 798, 808 (Tex.Crim.App.2007). In the instant case, the majority quotes the following portion of White's final argument to support its conclusion that his trial counsel made an implied charge of recent fabrication against the complainant:

[Defense Counsel]: Now there's a chance that when the State comes before you, the prosecutor, he may bring perhaps even a statement from [the complainant]. But I just want you to reflect as you go back into the jury room and deliberate the nature of the questioning of [the complainant] when I cross-examined her on the witness stand.

And I don't believe it was a situation where I actually offended, by in [sic] my questioning, I tried to be as polite as I could be. But whenever I asked about

specific questions or responses that she made to the detective, you heard a lot of, "well, I didn't say that," or "I didn't mention it to the detective," a lot of things.

I submit to you that people oftentimes in the confusion they make mistakes. And I submit to you that [the complainant] in terms of pointing out my client as the person that assaulted her perhaps is a mistake in the state [sic] that it creates reasonable doubt.

However, the quoted language does not support the majority's conclusion. In *Hammons*, the court of criminal appeals relied on statements in final argument in which the defense attorney made specific allegations of fabrication:

But appellant's assertion that he did not imply that [the complainant] fabricated her testimony is refuted by his own closing argument in which he expressly accused [the complainant] of "manufacturing" evidence with her civil attorney, noted that it is a criminal charge to manufacture evidence, and stated that the civil case was "thrown out," and "now she's angry because she didn't get any money. And this is now about a criminal case. That's getting revenge." He concluded with the assertion that [the complainant] "made up" the dates so she "could get some money." It is crystal clear that appellant's position, at the time of final argument, was that [the complainant] had unsuccessfully conspired with her civil attorney to fabricate dates that would support her civil lawsuit, and, having lost that lawsuit, she would wreak revenge at this criminal trial by fabricating even more different dates than the ones to which she had testified during her civil deposition.

*Id.* at 807. Clearly, White's argument did not approach the comments made in *Ham-*

*mons*. Arguing that a witness is capable of making a mistake does not equal a charge of recent fabrication. Looking solely to the words used during cross-examination and the final argument, I would conclude that the trial court abused its discretion in finding White made an implied charge of recent fabrication. Our trial courts should be cautious before finding that any test of a witness's credibility, whether for faulty memory or truth-telling capacity, opens the door to evidence under Rule 801(e)(1)(B). However, because we should defer to the "trial judge's assessment of tone, tenor, and demeanor" of the cross-examination, I cannot conclude the trial court's finding that White's counsel made an implied attack of recent fabrication was outside the zone of reasonable disagreement. *See id.* at 808–09.

### Determining Admissibility of Evidence

Having concluded the court did not abuse its discretion in finding an implied charge of recent fabrication, the next step is to determine the scope of the admissible evidence. In *Hammons*, the court of criminal appeals approved language from federal cases setting forth the requisites that must be met before evidence is admissible under Rule 801(e)(1)(B):

(1) the declarant must testify at trial and be subject to cross-examination;

(2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony by the opponent;

(3) the proponent must offer a prior statement that is consistent with the declarant's *challenged in-court testimony*; and,

(4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose.

*Id.* at 804 (emphasis added) (citing *Tome v. U.S.*, 513 U.S. 150, 156–58, 115 S.Ct. 696,

130 L.Ed.2d 574 (1995)). The majority apparently equates "challenged in-court testimony" with a witness's entire testimony. That is, if some portion of the witness's testimony is challenged, any prior statement consistent with any part of the witness's testimony is admissible under the rule. I agree with trial counsel that this certainly cannot be the result envisioned by Rule 801(e)(1)(B). To further explain, presume a witness provides a written statement to the police wherein the witness makes ten factual assertions. Further presume the witness testifies at trial to fifteen assertions of fact-the ten mentioned in the original statement to the police and five factual assertions not contained in the previous statement. The majority would conclude that if trial counsel pointed out on cross-examination that the witness failed to include the five new factual assertions in the prior statement, this action would permit the opponent to introduce the entire original statement because the ten factual assertions in the written statement were consistent with at least two-thirds of the trial testimony. In reality, the true "challenged testimony" in my scenario is the five factual assertions **not** contained in the police statement. Rule 801(e)(1)(B) would authorize the introduction of only prior statements consistent with the five new factual assertions. Because the written statement is silent as to the five new factual assertions, it is not a prior **consistent** statement. If the State had evidence that the witness had made any of those five factual assertions to other individuals or in other statements prior to a time the motive to testify falsely arose, the State would certainly be able to adduce such evidence before the jury. But that is not the case before this court.

The trial judge cited *Wood v. State*, 833 S.W.2d 753 (Tex. App.-Houston [1st Dist.] 1992, no pet.), to support his decision to admit the written statement. This opinion was issued on remand from the court of criminal appeals. In its decision, the court of criminal appeals instructed the lower court to decide whether the admission of the complained-of statement constituted improper bolstering by the State. *Wood v. State*, 828 S.W.2d 13, 14 (Tex.Crim.App. 1992). After concluding the statement did not amount to bolstering, the court of appeals stated:

> Appellant, during his cross-examination of Kirk, made repeated references to the written statement Kirk had given to the police. The questions clearly suggested that Kirk's written statement did not contain the same detail as her testimony at trial.
>
> A prior statement by a witness may be offered to rebut an express or implied charge against the witness of recent fabrication or improper influence or motive. Tex.R.Crim. Evid. 801(e)(1)(B); *see Moody v. State*, 827 S.W.2d 875, 893 (Tex.Crim.App.1992). We find the statement was properly introduced to rebut appellant's charge of recent fabrication.

*Wood*, 833 S.W.2d at 754. The court did not discuss the trial testimony that was challenged as a recent fabrication or explain how the earlier statement was consistent with the challenged testimony. Absent such analysis, it is difficult to understand or explain how the court reached its broad conclusion given the plain language of Rule 801(e)(1)(B). Moreover, the court relied on *Moody v. State* and this reliance, considering *Moody's* actual holding, is tenuous at best. In *Moody*, a witness was allowed to testify that his stepdaughter told him prior to her testimony that the defendant had sexually assaulted her. 827 S.W.2d 875, 893 (Tex.Crim.App.), *cert. denied*, 506 U.S. 839, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992). The evidence was received only after the defense implied

during the girl's cross-examination that her mother was "getting her to make the allegation." *Id.* As discussed below, because the charge made against the witness in *Moody* was one of improper influence as well as recent fabrication, the scope of statements admissible under Rule 801(e)(1)(B) may be broader. But *Moody* does not support the court of appeals's expansive interpretation of Rule 801(e)(1)(B) that would permit the introduction of prior statements when the "suggestion" is that the witness's "written statement did not contain the same detail as her testimony at trial." *See id..* *Wood* stands as questionable authority for the admission of the complainant's statement in this case.

I recognize there are cases that facially hold that a witness's prior consistent statement is admissible whenever a witness's credibility is placed in issue. *See, e.g., Graves v. State,* 176 S.W.3d 422, 428–29 (Tex.App.-Houston [1st Dist.] 2004, pet. stricken); *Campos v. State,* 977 S.W.2d 458, 462 (Tex.App.-Waco 1998, no pet.); *Wylie v. State,* 908 S.W.2d 307, 308 (Tex. App.-San Antonio 1995, pet. ref'd). However, in these cases, and in many other similar cases, the appellate court found that the prior consistent statement was admissible because the witness was accused of testifying under "improper motive or influence" as well as "recent fabrication." Where a witness's entire testimony is challenged because it is the product of improper influence or improper motive, the purposes of Rule 801(e)(1)(B) are served by admission of prior statements, made at a time before the improper influence or motive occurred, that are consistent with any part of the witness's testimony. Such evidence helps the jury to decide if the witness is truly acting under such improper motive or influence. But when only discrete parts of a witness's testimony are challenged as being recently fabricat-

ed, logic compels a different conclusion—only statements consistent with the discrete challenged testimony should be admitted. Admitting evidence on portions of the unchallenged testimony does not aid the jury in determining whether the witness is truly embellishing facts or simply lying as to the new information. Here, the only challenge made by White was the recent fabrication of facts not contained in the witness's written statement. Any evidence of a prior consistent statement should have been restricted to those four assertions of fact.

### Prior Consistent Statement

The statement admitted into evidence, while a prior statement of the witness, was not a prior **consistent** statement. As explained above, the witness's written statement made no reference to the four new facts to which she testified at trial and actually contradicted one fact mentioned in her trial testimony. Because the statement was not consistent, Rule 801(e)(1)(B) is inapplicable, Rule 613(c) controls, and the written statement was not admissible.

### Conclusion

The trial court did not abuse its discretion in finding that White implied part of the complainant's testimony was recently fabricated, but the prior statement admitted by the trial court was not consistent with the challenged trial testimony. The written statement of the complainant was hearsay and should not have been admitted into evidence. However, because I agree with the majority that the error did not affect White's substantial rights, I concur in the judgment.