Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00288-CR

William **MATTHEWS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 986186
Honorable Claude D. Davis, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Phylis J. Speedlin, Justice

Delivered and Filed:    April 15, 2009

AFFIRMED

William Matthews appeals his conviction for possession of marihuana, arguing that:  (1) the
evidence is legally and factually insufficient to support his conviction; (2) he was denied effective
assistance of counsel; (3) comments by the trial judge denied him of a fair trial; and (4) the trial court
abused its discretion in allowing a police officer to state a legal conclusion.  We affirm the trial
court's judgment.

**BACKGROUND**

At about 9:30 p.m. on October 21, 2006, San Antonio Police Officer John Herrera was patrolling a high crime area known for drug trafficking. As he was driving northbound, he observed Matthews walk around the corner ahead of him and proceed south toward the patrol car. Officer Herrera pulled his patrol car over and stopped within 18 inches of the curb along which Matthews was walking. Herrera rolled down his front passenger window, and asked Matthews his name. The officer turned to type the name into his computer to check for outstanding warrants, and when he looked back toward Matthews he noticed he was no longer visible through the passenger window. Concerned for his own safety, Officer Herrera promptly exited and walked around the back of his vehicle, and saw that Matthews was sitting on the curb. The officer instructed Matthews to stand up and walk toward him at the back of the vehicle; the officer then conducted a pat-down search of Matthews' person, which revealed nothing but a pack of cigarettes. After asking Matthews a few more questions about why he was in the area and who he was visiting, Officer Herrera allowed Matthews to leave; Matthews continued walking south toward a bus stop approximately 300 feet away. His suspicions having been raised because Matthews had "ducked down out of view," Officer Herrera turned on his flashlight and began searching the area where Matthews had been sitting; he discovered three baggies of marihuana underneath his patrol car, about two feet behind the passenger tire, "right where Matthews had sat down." The officer approached Matthews at the bus stop and arrested him. A jury found Matthews guilty of possessing less than two ounces of marihuana, and he was sentenced to six months' confinement, which was suspended and probated for six months. Matthews timely appealed.

## ANALYSIS

### *Legal and Factual Insufficiency*

In his first and second issues, Matthews argues that the evidence is legally and factually insufficient to support the jury's finding that he possessed the marihuana. When conducting a legal sufficiency review, we evaluate all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). The jury, as the sole fact-finder, is the exclusive judge of the witnesses' credibility and the weight to be given their testimony. *Poindexter*, 153 S.W.3d at 406. The jury is permitted to make reasonable inferences based on the evidence presented. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).

In evaluating factual sufficiency, we view all the evidence in a neutral light and set aside the jury's verdict only if the evidence supporting it is so weak as to render the verdict clearly wrong or manifestly unjust. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). The evidence may be factually insufficient because the evidence supporting the verdict, although legally sufficient, is too weak to support it, or because, when considering the contrary evidence, the verdict is against the great weight and preponderance of the evidence. *Id.* In conducting a factual sufficiency review, we "must be cognizant of the fact that a jury has already passed on the facts and must give due deference" to their determinations, so as to avoid substituting our judgment for that of the jury. *Id.* at 704-05; *see also Clewis v. State*, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).

To obtain a conviction for possession of marihuana, the State must prove that the defendant knowingly or intentionally possessed a usable quantity of marihuana. TEX. HEALTH & SAFETY CODE

ANN. § 481.121(a) (Vernon 2003). "Possession" means that the defendant exercised actual care, custody, control, or management of the controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon Supp. 2008). The defendant's presence at the location where contraband is found is not, by itself, sufficient to establish actual care, custody or control of the drugs. *Evans*, 202 S.W.3d at 162. Whether the evidence is direct or circumstantial, the State must prove that the accused's connection with the contraband was more than just fortuitous. *Id.* at 161. When the defendant did not have exclusive control over the contraband, or the place where the contraband was found, the State must present evidence of independent facts and circumstances which affirmatively link the accused to the contraband. *Id.* at 162 & n.12 (listing non-exclusive factors that are considered affirmative links); *see also Hargrove v. State*, 211 S.W.3d 379, 385-86 (Tex. App.—San Antonio 2006, pet. ref'd), *cert. denied*, 128 S. Ct. 134 (2007). The number of links is not as important as the logical force of all the evidence, including the defendant's presence and any affirmative links, in establishing the elements of the offense. *Evans*, 202 S.W.3d at 162.

Matthews contends the evidence is both legally and factually insufficient to support a finding beyond a reasonable doubt that he possessed the marihuana. We disagree. While the marihuana was not discovered on Matthews' person, but on a public street after the officer initiated a field contact, the State presented evidence of circumstances demonstrating Matthews' knowledge and control of the marihuana. Specifically, there was evidence that Matthews was walking at night in an area well known for drug usage and sales, particularly marihuana and heroin; after being stopped and giving his name, Matthews "ducked down" out of the officer's field of vision; immediately after permitting Matthews to leave, the officer used his flashlight to search the ground and found three baggies of marihuana underneath the patrol car, about two feet behind the front passenger tire, within close

proximity to where Matthews was sitting on the curb; the officer testified that he did not see anything on the ground or in the street before he stopped Matthews, and it was not probable that the baggies were already there and his tire drove over them; and the area where he stopped Matthews had an overhead light. Further, the officer testified the entire encounter lasted only "a couple of minutes," and no one else was in the immediate area at the time. In addition, the officer testified that he could have arrested Matthews for possessing the pack of cigarettes because he was 17 years old, but "in his discretion" he chose to let Matthews go on his way.

Matthews argues there are "overwhelming facts tending to disprove" his possession of the marihuana, including the following: the marihuana was found after he left the area; the officer did not actually see him dispose of the marihuana; he did not attempt to flee or act nervous; he was not under the influence of any narcotics; and the officer's pat-down revealed no contraband on his person. However, the absence of these additional links does not negate the circumstances outlined above which do tend to link Matthews to the marihuana. In a circumstantial evidence case, it is not necessary that every fact point directly and independently to the defendant's guilt; it is sufficient if the jury's finding of guilt is warranted by the cumulative force of all the incriminating evidence. *Powell v. State* 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

Having reviewed the evidence under both standards of review, we conclude that the evidence affirmatively linking Matthews to the marihuana is more than just fortuitous, and is legally and factually sufficient to support his conviction.

### *Ineffective Assistance of Counsel*

In his third issue, Matthews argues the trial court erred in denying his motion for new trial based on ineffective assistance of counsel. A trial court's ruling on a motion for a new trial is

reviewed under an abuse of discretion standard. *State v. Herndon,* 215 S.W.3d 901, 906-08 (Tex. Crim. App. 2007) (appellate court decides whether decision was arbitrary or unreasonable). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id.* at 906 n.16 (citations omitted).

To establish ineffective assistance of counsel, a defendant must show by a preponderance of the evidence that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced him to such a degree that it deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Goodspeed v. State*, 187 S.W.3d 390 (Tex. Crim. App. 2005). Prejudice is demonstrated when there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Under the first prong of the *Strickland* test, the defendant must show that counsel's performance fell short of an objective standard of reasonableness and must rebut the presumption that counsel's trial decisions were based on sound trial strategy. *Thompson v. State*, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999). We apply a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," and review the totality of the representation, not merely isolated acts or omissions, to determine whether counsel was ineffective. *Ex Parte Chandler*, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005); *Thompson*, 9 S.W.3d at 813. Failure to make the required showing of either *Strickland* prong defeats an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813.

Here, Matthews argues that his trial counsel rendered ineffective assistance by failing to request a hearing and obtain a ruling on a pre-trial motion to suppress the marihuana, and by failing to object to its admission at trial. Matthews contends the marihuana should have been suppressed

because it was the product of an illegal stop. At the hearing on Matthews' motion for new trial, his trial counsel testified about his consideration of the issue and his reasoning in deciding to waive a suppression hearing. Counsel testified that he considered raising a Fourth Amendment violation based on an unwarranted detention, but concluded, "[a]fter reviewing the officer's report several times . . ., looking at the facts, investigating the case, there [was] really nothing in the report that would . . . allow the Court to make that determination absent Will Matthews' testimony . . . [that] he didn't feel he had a right to leave . . . or for whatever reasons he would have to articulate, that he was under arrest, . . . or at least involved in an investigative detention and have to claim some possessory interest in the marijuana." Counsel further reasoned that since the marihuana was found in the public domain, Matthews would have to claim a possessory interest in the marihuana to establish standing to challenge its seizure. If the motion to suppress was denied, Matthews would have already admitted a possessory interest in the marihuana, and that would affect the trial strategy of whether Matthews would testify at trial in his defense. Counsel did not want to put Matthews in the position of having to "either perjure himself or try and dance around the issue that he's already admitted to[.]" Counsel stated that, "after discussing the issues with the family, we felt it was in the best interest just to waive that hearing."

The record shows that Matthews' trial counsel made a reasoned strategic decision to forego a suppression hearing after a thorough investigation of the applicable law and facts. The mere fact that a different attorney may have pursued a different trial strategy is insufficient to establish ineffective assistance. *Ex parte Ellis*, 233 S.W.3d 324, 331 n.20 (Tex. Crim. App. 2007). Further, even if an error in trial strategy was made, it would constitute inadequate representation only if counsel's actions were without any plausible basis. *See Wright v. State*, 223 S.W.3d 36, 43 (Tex.

App.—Houston [1st Dist.] 2006, pet. ref'd). That is not the case here. The record shows counsel made a considered decision not to challenge the admission of the marihuana, but to employ the trial strategy of forcing the State to meet its burden of proof with evidence affirmatively linking Matthews to the marihuana found lying in a public street. Matthews failed to prove counsel's performance was deficient, and therefore failed to establish his claim of ineffective assistance. *See Thompson*, 9 S.W.3d at 813. Accordingly, the trial court did not abuse its discretion in denying Matthews' motion for a new trial. Matthews' third issue is overruled.

### *Trial Court's Comments*

In his fourth issue, Matthews contends that comments made by the trial judge impaired his presumption of innocence and denied him a fair trial. On cross-examination, counsel for Matthews elicited from Officer Herrera that he was a United States Marine. During re-direct, the State asked if Herrera was a Marine, and whether he participated in Desert Storm. Matthews objected on the grounds of relevance and bolstering the witness. The prosecutor responded that he was trying to get to the "properties of light" and the issue of whether the officer saw anything on the street before he stopped Matthews that night. The trial judge then stated, "I respect Marines mightily but what does that have to do with whether he saw it?" The court then instructed the State not to mention the officer's military background, at which point the prosecutor apologized. The trial judge responded, "I am one of them, so that is all right. I don't think that has anything to do with it."

Generally, to preserve error for appellate review, the record must show that a specific and timely objection was made to the trial court. TEX. R. APP. P. 33.1(a)(1). Matthews acknowledges he made no objection to the court's comments; however, he asserts the comments constitute fundamental error of constitutional dimension and thus required no objection to preserve the issue

for appeal under Texas Rule of Evidence 103(d). *See* TEX. R. EVID. 103(d) (providing, "[i]n a criminal case, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court"). Matthews argues the court's comments are analogous to those in *Blue v. State*, in which the trial judge's comments that the defendant considered entering into a plea agreement, and he would have preferred that the defendant plead guilty, were held to be fundamental error of a constitutional dimension because they tainted the defendant's presumption of innocence; therefore, under Rule 103(d), no objection was required to preserve the error. *See Blue v. State*, 41 S.W.3d 129, 131-32 (Tex. Crim. App. 2000).

At most, the trial judge's comments that he respects Marines and was one himself could have provided some bolstering effect to Officer Herrera's credibility. However, the judge also repeated twice that being a Marine had nothing to do with the issues of lighting and whether the officer saw the marihuana there before his contact with Matthews. The court's comments did not in any way implicate Matthews' presumption of innocence, as the comments in *Blue* did, and read in context did not express a clear bias in favor of the State or against Matthews, or otherwise deny Matthews a fair trial. *See id.* at 132. Thus, the comments do not rise to the level of "fundamental error of a constitutional dimension;" stated another way, the comments did not violate an absolute systemic right and any error was forfeited by the failure to object. *See Brumit v. State*, 206 S.W.3d 639, 644-45 (Tex. Crim. App. 2006) (also noting that *Blue* was merely a plurality decision, and that the correct test for unassigned error was set forth in *Marin v. State,* 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993) (describing the three categories of rights as "absolute systemic requirements and prohibitions" and rights which must be implemented unless expressly waived, neither of which may be forfeited,

and rights which are to be implemented only upon request and thus may be forfeited)).  Matthews'

fourth issue is overruled.

### *Admission of Evidence*

In his final issue, Matthews claims the trial court erred by permitting Officer Herrera to

testify to his opinion that Matthews "knew he had marihuana on him" because it constituted a legal

conclusion.  During direct examination, the prosecutor asked Officer Herrera, "[b]ased upon your

training and experience, do you know whether a persons [sic] know that they have recklessly carried

marihuana with them?"  The officer replied affirmatively, and the State then asked the officer, "[a]nd

what is your opinion?"  The officer began to explain that "recklessly" means "carrying it for

someone else or not without regardless [sic] to knowing."  At that point, counsel for Matthews

interrupted, and stated, "I am going to object to this response.  It calls for a legal conclusion."  The

court instructed the officer to just answer the question, and told the prosecutor to ask it again.  The

prosecutor then asked the officer, "do you think he knew that he had marihuana on him?"  No

objection was made, and the officer replied, "yes, sir, I do."

As noted, *supra*, to preserve an issue for appellate review, a timely and specific objection

must be made in the trial court.  TEX. R. APP. P. 33.1(a).  In addition, to preserve an error in the

admission of evidence, the party must object each time the inadmissible evidence is offered, or

obtain a running objection.  *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *White v.

State*, 256 S.W.3d 380, 382 (Tex. App.—San Antonio 2008, pet. ref'd).  Further, any error in the

admission of the evidence is cured when the same evidence is admitted elsewhere without objection.

*Valle,* 109 S.W.3d at 509; *White*, 256 S.W.3d at 382.

Here, the full context of the record shows that Matthews objected to Herrera stating his opinion about whether a person knows they have *recklessly* carried marihuana, but failed to object to the subsequent related, but different, question asking the officer his opinion about whether Matthews "*knew* he had marihuana on him." (emphasis added). *See* TEX. PENAL CODE ANN. § 6.03 (Vernon 2003) (defining "recklessly" and "knowingly" as two distinct culpable mental states). Matthews similarly did not object to a prior question to Officer Herrera asking whether he believed, based on his training and experience, that Matthews "is the one who put the marihuana there," to which Herrera replied, "Yes, sir, I do." Thus, substantially the same evidence concerning whether Matthews knowingly and intentionally possessed the marihuana was previously admitted without objection, thereby curing any error in its admission. *Valle,* 109 S.W.3d at 509. Further, even without the prior admission of the same evidence, Matthews' failure to object to the question he now challenges on appeal is not excused because the question was not a sufficiently similar restatement of the objected-to question that it rendered a further objection "futile." *Cf., Graham v. State*, 710 S.W.2d 588 (Tex. Crim. App. 1986) (holding error was not waived by defendant's failure to object because re-phrased second question was nearly identical to first question to which objection was raised). Therefore, any error was not preserved. TEX. R. APP. P. 33.1.

### Conclusion

Based on the foregoing analysis, the judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice

DO NOT PUBLISH

-11-