**AFFIRMED; Opinion Filed December 5, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01521-CR

### BLAKE DANIEL STONE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 1**
**Grayson County, Texas**
**Trial Court Cause No. 2011-1-0338**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Evans

Following a jury trial, Blake Daniel Stone appeals his conviction for boating while intoxicated. In his first issue on appeal, Stone contends the trial court erred by denying his motion to suppress and admitting the blood sample and related evidence because the State failed to produce any evidence demonstrating that the blood sample was drawn in a sanitary place. In his second issue on appeal, Stone contends that the evidence is legally insufficient to prove beyond a reasonable doubt that he was intoxicated while operating a watercraft. In his final issue, Stone contends the trial court abused its discretion in admitting the game warden's police report. Finding no merit in appellant's arguments, we affirm the trial court's judgment.

**BACKGROUND**

On July 4, 2010, game warden Ricky May was assisting in the patrol of Lake Texoma when he observed a boat with multiple persons. After detaining the boat to determine if all passengers had life jackets, May observed alcohol on the boat and requested that the driver of the boat, Stone, recite the alphabet. After failing to include "W" in his recital, May instructed Stone to step onto the patrol boat for further testing. On the patrol boat, May performed the "float test" on Stone which consisted of a finger count, a palm pat, and another recital of the alphabet. As a result of Stone's performance, May transported Stone to the game warden station to perform the standardized field sobriety test consisting of the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg stand test. May concluded that Stone failed the first test but passed the second two tests.

Following completion of the standardized field sobriety test, May placed Stone under arrest for boating while intoxicated and read him his rights regarding breath and alcohol tests. Stone refused to give a breath sample but consented to a blood sample. A nurse drew Stone's blood and the sample was mailed to the Department of Public Safety crime lab. The Department of Public Safety tested the blood and determined that Stone had a 0.12 blood alcohol content.

Stone was subsequently charged with the offense of boating while intoxicated. A jury found Stone guilty and set the punishment at ninety days in the county jail and a $1,000 fine. The jury also recommended community supervision and suspension of the confinement term. The trial court sentenced Stone based on the jury verdict and set a twenty-four-month probation term. Stone then filed this appeal.

## ANALYSIS

### I.        No Statutory Violation

In his first issue on appeal, Stone argues that the trial court erred by denying his motion to suppress the blood sample and related evidence because the State failed to produce any evidence demonstrating that the blood sample was drawn in a sanitary place.[1]  When reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the ruling.  *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the record is silent on the reasons for the trial court's ruling, or when the trial court does not make explicit fact findings, the appellate court implies the necessary fact findings that would support the trial court's ruling if the evidence (viewed in the light most favorable to the trial court's ruling) supports these implied fact findings.  *Id.* at 818-19.  The appellate court then reviews the trial court's legal ruling *de novo* unless the supported-by-the-record implied fact findings are also dispositive of the legal ruling.  *Id.*

A defendant that moves for suppression of evidence under Article 38.23 due to the violation of a statute has the burden of producing evidence of a statutory violation.  *State v. Robinson*, 334 S.W.3d 776, 779 (Tex. Crim. App. 2011).  The State bears the burden to prove compliance with the statute only when defendant's burden has been met.  *Id.*

Here, Stone argues that the game warden station cannot be a "sanitary place" as required under the Texas Transportation Code because the blood was drawn in a room containing a kitchen.  Stone also argues that the blood should have been drawn "some place where citizens would expect to receive routine medical treatment in relation to the drawing of blood." Stone,

---

[1] The Texas Transportation Code which governs this issue states as follows:  "[t]he blood specimen must be taken in a sanitary place." *See* TEX. TRANSP. CODE ANN. § 724.017(a-1).

however, does not cite any case law in support of these propositions.[2]  In this case, the State introduced evidence that game warden Randolph McGee had sanitized the game warden station the morning of July 4, 2010, by using a bleach/water solution on the furniture and Pine-Sol on the floors.  Stone did not provide any evidence that the room was not clean.  Stone has made no showing, and cites no authorities holding, that these actions were insufficient to make the game warden station sanitary.  Accordingly, we resolve this first issue against Stone.

## II.     Sufficient Evidence for Conviction

In his second issue, Stone contends the evidence is legally insufficient to prove beyond a reasonable doubt that he was intoxicated while operating a watercraft.  When an appellant challenges the sufficiency of the evidence to support a conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).  Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict."  *Id.*  If the evidence is conflicting, we "'presume that the factfinder resolved the conflicts in favor of the prosecution' and defer to that determination."  *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).  This standard is the same for both direct and circumstantial evidence.  *Id.*

The Texas Penal Code defines "intoxicated" as "having a blood alcohol content of 0.08 or more."  *See* TEX. PEN. CODE ANN. § 49.01(2)(B).  A person commits the offense of boating

---

[2] Stone does cite *State v. Johnston*, 336 S.W.3d 649 (Tex. Crim. App. 2011).  In *Johnston*, the Court of Criminal Appeals decided a "clean, but not sterile" room with furniture that "could be cleaned with a commercial sanitizer before each use" satisfied the reasonableness requirement of the Fourth Amendment regarding the blood draw.  *Id*. at 652, 662.  The Court, however, did not address the sanitary requirement for blood draws under Chapter 724 of the Texas Transportation Code.

while intoxicated if the person is intoxicated while operating a watercraft. *See* TEX. PEN. CODE ANN. § 49.06(a). In this case, it is undisputed that Stone was operating a watercraft and the evidence shows that he had a blood alcohol concentration of 0.12 on July 4, 2010. Accordingly, there was sufficient evidence to support Stone's conviction and we resolve the second issue against him.[3]

### III.    No Harm in Admission of Report

In his final issue, Stone contends the trial court erred in admitting the game warden's police report into evidence because it was inadmissible hearsay. The trial court's decision to admit or exclude evidence is viewed under an abuse of discretion standard. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996).

Pursuant to Rule 801(e)(1)(B), if a declarant testifies at trial and is subject to cross-examination concerning a prior statement and the prior statement is consistent with the declarant's testimony and is offered to rebut an implied charge of recent fabrication, then the prior statement is not hearsay. TEX. R. EVID. 801(e)(1)(B). Here, May testified at trial about the events which occurred on July 4, 2010. During cross-examination, Stone's counsel repeatedly questioned May about specific facts that were omitted from May's police report but about which he testified during direct examination.[4] The State argued that this questioning left the jury with

---

[3] Appellant's counsel conceded in oral argument that if the blood evidence was admissible and an almost-double-the-legal-limit blood alcohol content was affirmed then, as a matter of law, sufficient evidence for a conviction did exist.

[4] For example, appellant's counsel noted that May had failed to include the following items in his report: (1) the weather and wind conditions; (2) wave height; (3) that the stop occurred in Texas; (4) number of passengers on boat; (5) the type of boat; (6) whether there was alcohol present on the boat; (7) that Stone stepped over half an inch (which is the allowable variance in the heel-to-toe test); and (8) that Stone told him his father was a lawyer.

the false impression that May fabricated his testimony at trial and the State requested that the report be admitted so that the jury could see the level of detail in his report to rebut the fabrication allegation. The trial court admitted the report but limited its admissibility.[5]

Pursuant to Rule 801(e)(1)(B), the report could have been admitted without condition to rebut even a subtle charge of recent fabrication. *White v. State*, 256 S.W.3d 380, 383 (Tex. App.—San Antonio 2008, pet. ref'd) ("There need only be a suggestion that the witness consciously altered her testimony in order to permit the use of the earlier consistent statements" (citing Hammons v. State, 239 S.W.3d 798 (Tex. Crim. App. 2007))). We defer to the trial court's "assessment of tone, tenor, and demeanor" of the examination. *Id.* at 384. The trial court, however, chose to limit the report's admissibility to demonstrate the level of detail game warden May employed in preparing the report. There was no harm in the report's admission. *Id.* ("Even if we were to assume that defense counsel's cross-examination in this case did not equate to a charge of recent fabrication, we may not reverse a defendant's conviction for non-constitutional error if, after examining the record as a whole, we have a fair assurance that the error did not have a substantial and injurious effect or influence in determining the jury's verdict."). Here, we held above that (1) the blood sample was properly admitted as evidence; and (2) the blood sample conclusively demonstrated that Stone was intoxicated while operating a watercraft. Therefore, even if we disagreed with the report's admission, it would not have had "a substantial or injurious effect or influence" on the jury's verdict based on our prior resolution of issues one and two. We resolve the third issue against Stone.

---

[5] The trial court instructed the jury, "[The report] is not admitted for the truth of any matter set out in the report. It is admitted merely to demonstrate the degree of detail that the officer recorded when he prepared his report, and the report, which is State's Exhibit 8, should not be considered for any other purpose."

## CONCLUSION

We resolve appellant's issues against him and affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
Tex. R. App. P. 47
121521F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BLAKE DANIEL STONE, Appellant

No. 05-12-01521-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1, Grayson County, Texas
Trial Court Cause No. 2011-1-0338.
Opinion delivered by Justice Evans.
Justices O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of December, 2013.

/David Evans/
DAVID EVANS
JUSTICE